Robert L. PECK, et al., Respondents,

v.

AETNA CASUALTY & SURETY
COMPANY, Appellant.

No. C5–86–1349.

Court of Appeals of Minnesota.

April 14, 1987.

Review Denied May 20, 1987.

Carol M. Person, Fryberger, Buchanan, Smith & Frederick, P.A., Duluth, for respondents.

Donald C. Erickson, Johnson, Killen, Thibodeau & Seiler, P.A., Duluth, for appellant.

Heard, considered and decided by POPOVICH, C.J., and LANSING and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a judgment allowing a nonresident policyholder to stack no-fault coverages on out-of-state vehicles and awarding statutory interest on a wage loss claim. Appellant insurer claims the trial court erred because (1) current law allowing nonresident stacking of no-fault coverages on out-of-state vehicles should be overruled, (2) income tax records initially submitted do not constitute reasonable proof of wage loss to impose statutory interest, and (3) interest was improperly awarded on entire present wage loss. We affirm as modified.

## FACTS

On December 14, 1982, respondents Robert and Nancy Peck, Wisconsin residents, were injured in a car accident in Duluth, Minnesota. At the time of the accident, respondents were riding in one of their four vehicles insured in Wisconsin by ap-

pellant Aetna Casualty and Surety Company, licensed to conduct business in Minnesota.

As a result of the accident, Robert Peck incurred a nerve injury to his right ankle which prevented him from engaging in his logging operations. On October 15, 1984, respondents claimed an $18,000 per year wage loss by presenting appellant with income tax records.

On May 20 and 21, 1986, a jury trial was held at which the jury found as a result of Robert Peck's inability to log, he lost $11,375 present income and $16,250 future income, totalling $27,625. The jury verdict was based primarily on Robert Peck's testimony which substantially conformed with a May 19, 1986 letter to his carrier explaining his wage loss.

Following post-trial motions to apply statutory interest, the trial court issued its order reducing the verdict by 15% to $23,481.25, pursuant to Minn.Stat. § 65B.44, subd. 3 (1986). The court allowed respondent to stack his no-fault coverages to cover the reduced verdict. The court also awarded statutory interest on the entire $11,375 present income loss at a 15% interest rate from October 15, 1984 until the verdict on May 21, 1986. Appeal is taken from the judgment entered July 24, 1986.

### ISSUES

1. Did the trial court properly allow stacking of no-fault coverages on out-of-state vehicles?

2. Did the trial court clearly err in finding respondents' income tax records constituted reasonable proof of wage loss to impose statutory interest?

3. Did the trial court err in awarding statutory interest on the entire present wage loss?

### ANALYSIS

■ 1. In *Petty v. Allstate Insurance Co.*, 290 N.W.2d 763 (Minn.1980), the Minnesota Supreme Court established a nonresident operating an insured vehicle in Minnesota is entitled to stack basic economic loss coverages for all the nonresident's insured vehicles, regardless of whether the other vehicles were within the state at the time of the accident. *Id.* at 766.

The parties agree *Petty* applies in this case. Appellant asks us to overrule *Petty* because the legislature recently amended the automobile insurance statute to prohibit stacking basic economic loss benefits unless a policyholder specifically elects to stack coverages. 1985 Minn.Laws ch. 168, § 8 (codified at Minn.Stat. § 65B.47, subd. 7 (1986)); *see* 1985 Minn.Laws 1st Spec. Sess. ch. 10, § 119 (amendment applies to policies executed after September 30, 1985). We have no authority, however, to overrule a supreme court case. The trial court properly determined *Petty* controlling and allowed respondents to stack basic economic loss coverages on their other Wisconsin vehicles.

■ 2. Minn.Stat. § 65B.54 (1986) authorizes statutory interest on overdue insurance benefits and provides in relevant part:

Benefits are overdue if not paid within 30 days after the reparation obligor receives *reasonable proof of the fact and amount of loss realized * * *.* If reasonable proof is supplied as to only part of a claim, and the part totals $100 or more, the part is overdue if not paid within the time provided by this section.

*Id.* subd. 1 (emphasis added).

Interest payable under the statute has a dual purpose: "to compensate the consumer for the use of the funds and to encourage prompt payment of benefits." *Burniece v. Illinois Farmers Insurance Co.*, 398 N.W.2d 542, 544 (Minn.1987).

Appellant argues since the jury relied on respondent Robert Peck's testimony outlined in his May 19, 1986 letter explaining the wage loss, that letter is the only reasonable proof of loss and not the tax records supplied on October 15, 1984. Appellant therefore claims benefits were not overdue at the time of trial and statutory interest is therefore inappropriate.

We will not set aside a trial court's finding unless clearly erroneous. Minn.R. Civ.P. 52.01. Based on our review of the

record, we conclude the trial court's finding that the October 15, 1984 income tax records constituted reasonable proof of loss is not clearly erroneous. The trial court properly awarded statutory interest.

■ 3. Minn.Stat. § 65B.44, subd. 3 (1986) provides "income loss benefits shall provide compensation for 85 percent of the injured person's loss of present and future gross income." *Id.* The parties agree the trial court incorrectly calculated statutory interest on the entire present income loss, $11,375, rather than 85% of that loss, $9,668.75. Accordingly, we modify the judgment to correct the error.

## DECISION

The trial court properly allowed respondents to stack no-fault coverages on their other Wisconsin vehicles and awarded statutory interest on the present wage loss from October 15, 1984. We modify the judgment, however, to correctly calculate the interest on 85% of the present wage loss.

Affirmed as modified.