**METROPOLITAN PROPERTY &
CASUALTY INSURANCE
CO., Respondent,**

v.

**METROPOLITAN TRANSIT
COMMISSION,
Appellant.**

No. C3–94–1606.

Court of Appeals of Minnesota.

Jan. 24, 1995.

Review Granted March 1, 1995.

Katherine L. MacKinnon, Karen Melling van Vliet, Elizabeth Truesdell Smith Arthur, Chapman, McDonough, Kettering & Smetak, P.A., Minneapolis, for Respondent.

Frederick C. Brown, Bryan J. Leary, Popham, Haik,· Schnobrich & Kaufman, Ltd., Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and SCHUMACHER and CRIPPEN, JJ.

**OPINION**

RANDALL, Judge.

Metropolitan Transit Commission (MTC) appeals from the district court's grant of summary judgment for Metropolitan Property and Casualty Corporation (Metropolitan). MTC argues that the district court erred: (1) by determining that Metropolitan's indemnification claim was timely since there is no statute of limitations on indemnification rights under the Minnesota no-fault act, and (2) by determining that even if the statute of limitations is six years under Minn.Stat. § 541.05, subd. 1 (1992), Metropolitan's claim was still timely. We conclude the district court erred in determining there is no statute of limitations. We conclude, however, that the district court correctly determined in the alternative that a six-year statute of limitations applies and that Metropolitan filed its claim in a timely manner, and we therefore affirm the district court's grant of summary judgment.

## FACTS

This action, submitted on stipulated facts, arose out of a May 28, 1987, accident where an MTC bus struck and injured a pedestrian. The accident was reported to Metropolitan, the pedestrian's no-fault carrier, on June 12, 1987. On June 17, Metropolitan sent an application for benefits form to the victim, and the same day established a wage loss and medical expense reserve to cover potential losses from the accident.

On June 25, Metropolitan increased its reserves for losses from the accident. The next day, Metropolitan received the completed application for benefits from its insured. The application identifies the basic facts surrounding the accident, describes the insured's injuries, her medical expenses, and her time away from work. On July 16th and 17th, Metropolitan received verification of its insured's wage loss. Metropolitan began making wage loss payments on July 23, 1987, after receiving verification of its insured's disability.

Metropolitan made wage loss payments and medical expense payments until April 30, 1993. The last payment was a compromise settlement of $10,000 and satisfied continuing and future claims by its insured. In all, Metropolitan paid its insured $53,270.76 in basic economic loss (no-fault) benefits.

On June 3, 1993, Metropolitan notified MTC that it was asserting a "subrogation" claim against MTC for payments it made to its insured. MTC responded on June 7, 1993, by stating that the "subrogation" claim was time-barred. On June 24, 1993, Metropolitan again wrote to MTC and stated that it was not "pursuing a subrogation claim, but asserting [a] right of indemnification."

On July 13, 1993, Metropolitan filed for no-fault arbitration of the indemnity claim against MTC. MTC asserted that the claim was time-barred, and refused to arbitrate the claim. On July 16, 1993, Metropolitan brought a declaratory judgment action in Hennepin County district court seeking a determination of its right to arbitrate and a ruling on the timeliness of its claim. Both parties moved for summary judgment, and the district court granted summary judgment for Metropolitan in May, 1994.

The district court first determined that no statute of limitations applied to indemnity claims between insurers under the no-fault act. Alternatively, the court held that if there was a statute of limitations, it was the six-year period specified in Minn.Stat. § 541.05, subd. 1(2) (1992) because indemnification between the insurers is a right arising out of statute. The court determined that if the six-year statute of limitations applied, the action accrued either when the *last* payment was tendered to the insured, or when a demand for indemnity was made and refused between the insurers involved.

## ISSUES

1. Did the district court err by determining there is no statute of limitations on indemnification rights under Minn.Stat. § 65B.53, subd. 1 (1992) of the Minnesota no-fault act?

2. Did the district court err by alternatively determining that if there is a statute of limitations on indemnification rights, under Minn.Stat. § 65B.53, subd. 1 (1992), the six-year statute of limitations of Minn.Stat. § 541.05, subd. 1 (1992) applied?

3. Did the district court err by determining that if the six-year statute of limitations of Minn.Stat. § 541.05, subd. 1 (1992) applied, Metropolitan's indemnification claim was timely filed?

## ANALYSIS

■ 1. This court's review of a summary judgment is limited to determining whether there are any genuine issues of material fact, and whether the trial court erred in its application of the law. *City of Va. v. Northland Office Properties*, 465 N.W.2d 424, 427 (Minn.App.1991), *pet. for rev. denied* (Minn. Apr. 28, 1991). A reviewing court need not defer to the district court's construction of a statute. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). When construing a statute, the courts should not reach an absurd or unreasonable result. *Milbank Mut. Ins. v. Kluver*, 302 Minn. 310, 313, 225 N.W.2d 230, 232 (1974).

Under the Minnesota no-fault act, indemnity is available to an insurer only when the damages or loss are caused by negligence in the operation, maintenance or use of a commercial vehicle and that negligence was the direct and proximate cause of the injury for which the benefits were paid or payable. Minn.Stat. § 65B.53 (1992).[1] Pursuant to Minn.Stat. § 65B.53, subd. 4, the commissioner of commerce has promulgated rules to govern the arbitration of auto accident reparation actions. *See* Minn.R. 2770.3100–.5200 (1993).

On appeal, MTC argues that the district court erred by concluding there is no statute of limitations on indemnification rights under the no-fault act. MTC argues that an unlimited right to indemnity conflicts with the intent behind the no-fault act, which is to promote prompt allocation of costs between insurers, and thus was not what the legislature intended. MTC also asserts that an unlimited right to indemnity would be a hardship to insurers of commercial vehicles. We agree.

An unlimited right to indemnity conflicts with the stated legislative intent behind the statute as a whole. *See* Minn.Stat. §§ 65B.42(4) (1992) (stating purpose of act to "assure a *prompt* and *proper* allocation of the costs of insurance benefits between motor vehicle insurers.") We also note the rules promulgated by the commissioner of commerce pursuant to Minn.Stat. § 65B.53, subd. 4 contemplate that a statute of limitations applies to indemnification rights. *See* Minn.R. 2770.4300 (1993) (stating "Submission of a case to arbitration under these rules shall have the same force and effect as to reparation obligors with regard to the applicable statute of limitations as if litigation has been instituted").

We conclude the district court erred by determining that no statute of limitations applies to indemnification actions under Minn.Stat. § 65B.53, subd. 1.

2. Alternatively, the district court held that if a statute of limitations applies, the appropriate statute is the six-year period provided by Minn.Stat. § 541.05, subd. 1(2) (applying six-year limitation to "a liability created by statute"). We agree.

Because indemnification rights among insurers under the no-fault act are created by statute, we find the six-year statute of limitations of Minn.Stat. § 541.05, subd. 1(2) applies to indemnification actions under Minn. Stat. § 65B.53, subd. 1.

■ 3. The district court then determined that the statute of limitations began to run either when the insurer's demand for indemnity payment or arbitration was made and rejected, or when the insurer actually tendered its *last* payment to its insured. The court then concluded that under either method of calculation, Metropolitan's claim was timely filed. While we agree that the claim was timely filed, we conclude the trial court inappropriately chose the date of last payment to begin the running of the six years.

A cause of action accrues when an action may be brought without being subject to dismissal for failure to state a claim. Minn. Stat. § 541.05; *Wittmer v. Ruegemer*, 419 N.W.2d 493, 495–96 (Minn.1988) (citing *O'Neill v. Illinois Farmers Ins.*, 381 N.W.2d 439, 440 (Minn.1986)). Under Minn.Stat. § 65B.53, subd. 1, an insurer has the right to indemnity when it is "paying or obligated to pay basic or optional economic loss benefits."

■ The insurer is obligated to pay no-fault benefits within 30 days of the receipt of "reasonable proof of the fact and amount of loss realized." Minn.Stat. § 65B.54, subd. 1 (1992). Mere notification of a claim or the insured's assertion of loss does not satisfy the reasonable proof requirement, *LaValley v. National Family Ins.*, 517 N.W.2d 602, 605 (Minn.App.1994), *pet. for rev. denied* (Minn. Aug. 24, 1994). The determination of the date when the insurer has reasonable proof of the fact and amount of loss realized

---

1. Effective August 1, 1993, the legislature amended the no-fault statute to provide that buses such as the MTC bus in this case are not considered "commercial vehicles." *See* 1993 Minn.Laws ch. 362 (codified at Minn.Stat. § 65B.53, subd. 1 (Supp.1993)). Because this claim arose before the effective date of the change, the parties agree that the MTC bus is a commercial vehicle for the purposes of this action.

is a question of fact. *See Peck v. Aetna Casualty & Surety,* 404 N.W.2d 2, 3–4 (Minn. App.1987), *pet. for rev. denied* (Minn. May 20, 1987); *Motschenbacher v. New Hampshire Ins. Group,* 402 N.W.2d 119, 124 (Minn. App.1987), *pet. for rev. denied* (Minn. April 29, 1987).

On appeal, MTC challenges both alternative accrual dates determined by the district court. Metropolitan asserts that the appropriate dates are either when the no-fault insurer makes its first payment, or, as the district court determined, the date after the insurer demands and is refused indemnity or the date of last payment by the no-fault carrier to the claimant.

Because several of the alternative dates proffered by the court and the parties are subject to manipulation, we find the indemnification claim here accrued, and the six-year statute of limitations began, on the date of the first payment by the no-fault insurer.

We decline to adopt the district court's alternative determination that an indemnification claim accrues and the statute of limitations begins to run on the date of last tendered payment. This date is attractive because it is easily ascertainable, but we conclude this accrual date nullifies the "or obligated to pay" language of § 65B.53, subd. 1 and thus violates the principle that the legislature intends that the entire statute be effective. *See* Minn.Stat. § 645.17(2) (1992).

By contrast, the date the insurer makes the first payment is also a bright line easily discoverable by all parties, and gives reasonable effect to statutory language. Here, because Metropolitan made its first payment to its insured on July 23, 1987, and claimed arbitration on July 13, 1993, we find that the claim was timely filed. It was filed within the six-year statute of limitations. Thus, we affirm the result of the district court.

## DECISION

The district court erred by determining no statute of limitations applies to indemnification rights under Minn.Stat. § 65B.53, subd. 1 (1992). The district court properly concluded in the alternative that the six-year statute of limitations of Minn.Stat. § 541.05, subd. 1 (1992) applies because indemnity rights arise out of statute. This indemnification claim under Minn.Stat. § 65B.53, subd. 1 accrued on the date the no-fault insurer first made a payment. Here, because the claim for indemnity came just before six years elapsed, the claim was timely filed.

**Affirmed in part, reversed in part.**