**REGIE DE L'ASSURANCE AUTOMO-BILE DU QUEBEC, individually and as Trustee for the Heirs of Marguerite Grapes, deceased, Respondent,**

v.

**Lauritz JENSEN, Petitioner, Appellant.**

No. C2–86–336.

Supreme Court of Minnesota.

Jan. 9, 1987.

Cahill & Maring, Moorhead, for appellant.

Dosland, Dosland, Nordhougen, Lillehaug & Johnson, American Bank & Trust Company, Moorhead, for respondent.

KELLEY, Justice.

Respondent Regie de l'assurance Automobile due Quebec (the Regie)[1] commenced an equitable subrogation action against Appellant Lauritz Jensen to recover certain payments it had made to Douglas Grapes, the surviving spouse of Marguerite Grapes who had been killed in a Minnesota automobile accident when riding in a car struck by Jensen's pickup truck. The trial court held (1) that under Minnesota law the equitable subrogation action was not maintainable; (2) that Douglas Grapes and Marguerite's next of kin could assign their claims for damages arising from her death by wrongful act to the Regie; (3) that thereafter the Regie could amend the original subrogation action complaint to assert a claim for its own benefit under Minn.Stat. §§ 573.01–.05 (1986); and (4) that such amendment would "relate back" so as to toll the running of the three-year commencement of suit limitation period contained in Minn.Stat. §§ 573.02, subd. 1 (1986). The Regie by filing a notice of review appealed the holding it could not maintain the equitable subrogation action. Appellant Jensen appealed the other trial court rulings.[2] The court of appeals panel did not address the appeal issue raised by the Regie, to wit, that it could maintain a subrogation action in its own name, but did sustain the trial court on all other issues raised by Jensen.[3] We sustain the ruling that the Regie could not maintain the subrogation action in its own name except with

1. The Regie is a governmental agency created by a Quebec provincial statute with the purpose of administering a fund to compensate residents of Quebec who suffer bodily injuries in automobile accidents. Automobile Insurance Act ·of Quebec, Bill 67 (1977).

2. Appellant Jensen likewise contends that the Regie is prohibited from maintaining the subrogation action by provision of the Minnesota

No-Fault Act. *See, e.g.,* Minn.Stat. § 65B.53, subd. 2, 3; Minn.Stat. § 65B.51. *See also,* M. Steenson, *Minnesota No-Fault Automobile Insurance,* 23 (1982). Because we have adjudicated the case on other grounds, we do not address this issue.

3. 389 N.W.2d 537 (Minn.App.1986).

respect to out-of-pocket funeral expenses sustained by Douglas Grapes and reimbursed to him by the Regie. We reverse the lower courts on all other issues.

On June 19, 1979, while a passenger in a car driven by her husband, Marguerite Grapes was killed in Minnesota when that car was struck by a negligently operated pickup truck being driven by Appellant Jensen. As a resident of Quebec, Douglas Grapes, Marguerite's surviving spouse, became entitled to certain benefits, paid by the Regie in accordance with the Quebec Act. These payments consist of an indemnity in the form of a pension payable directly to the surviving spouse. The computation of the amounts of those pension payments is dissimilar to computation for survivor's benefits under Minnesota's No-Fault Act.[4]

On May 6, 1982, in Clay County, the Regie in its own name commenced an equitable subrogation action against Jensen to recover those payments. The action was commenced a few weeks before the three-year limitation period found in the death by wrongful act statute (Minn.Stat. § 573.02, subd. 1) had expired. In July 1982, after that limitation period had run, Appellant Jensen moved for a judgment on the pleadings, or alternatively for summary judgment contending the Regie lacked standing to maintain the action because the sole remedy in Minnesota for collection of damages caused by the death of a person as the result of the wrongful act of another is Minn.Stat. §§ 573.01–.05, and that such action may only be maintained by a court appointed trustee for the exclusive benefit of the surviving spouse and next of kin. In denying the motion, in an accompanying memorandum, the trial court noted that it was necessary in order to prosecute an action to recover damages sustained as the result of a death by wrongful act that a trustee be appointed as provided by Minn. Stat. § 573.02, subd. 3. However, relying on Minn.R.Civil P. 17.01 which requires the allowance of a reasonable time within which to join the real party in interest, the trial court declined to dismiss the equitable subrogation action.[5] The court did observe that the Regie could not maintain the action for the greater portion of its claimed damages because only a court appointed trustee may maintain such an action by Minnesota law. It likewise held the Regie had no independent equitable right of subrogation. But the court did afford the Regie a reasonable time within which to have a trustee appointed and substituted as plaintiff in the pending equitable subrogation action.[6] That order was entered in December 1982 after the three-year commencement of suit limitation period contained in Minn.Stat. § 573.02, subd. 1 had run.

Almost nine months elapsed before Douglas Grapes petitioned the court to appoint the Regie as trustee for the heirs and next of kin of the decedent. At that time Jensen again raised the same jurisdictional arguments made in his earlier summary judgment motion. The trial court rejected the objections and appointed the Regie

---

**4.** At least for the purposes of these proceedings, the parties have stipulated that the sole proximate cause of the accident was Jensen's negligence. They likewise, as a part of the stipulation, agreed that the Regie had sustained $69,-132.65 (U.S. dollars) in damages.

**5.** The Regie had paid Douglas Grapes funeral expenses incurred as the result of the death. The trial court noted that Grapes could have sued in his own name to recover that consequential damage. *Bastianson v. Forschen,* 293 Minn. 31, 43, 196 N.W.2d 451, 459 (Minn.1972); *Mattfeld v. Nester,* 226 Minn. 106, 136, 32 N.W.2d 291, 310 (1948). As subrogee, the Regie could maintain the suit to recover those damages likewise.

**6.** The court was under the erroneous impression that the surviving spouse could assign his claim for loss sustained by his wife's death. It relied on *Travelers Indemnity Co. v. Vaccari,* 310 Minn. 97, 245 N.W.2d 844 (1976). That case did not so hold. It merely held that when by insurance contract, the insured had agreed the insurer would be subrogated to any medical payments made to the insured as the result of accident, the insurer could maintain an action to recover those payments against a third party tortfeasor. In so holding, however, we emphasized the difference between the assignment under the circumstances there existing, from an assignment of a personal action. *See, e.g.,* 310 Minn. at 100, 245 N.W.2d at 846.

trustee. Thereafter, the Regie filed with the court a complete and unconditional assignment from the surviving spouse and each of the next of kin of all claims he or she had under the Minnesota death by wrongful act statute (Minn.Stat. §§ 573.-01–.05). A year after the entry of the order appointing the Regie as trustee in 1983, the trial court by order allowed an amendment to the original complaint filed by the Regie in May 1982.[7]

Following issuance of the amended complaint in a renewed motion for summary judgment, Jensen argued (1) that the wrongful death claim was not assignable; (2) that the Regie is an unsuitable person to act as trustee because it is attempting to pursue the action solely for its own benefit; and (3) again, that the amended complaint is barred by the three-year commencement of suit limitation provision in Minn.Stat. § 573.02, subd. 1. The trial court once again rejected those contentions in denying the motion.

Nine months later, after the parties had waived trial, the Regie's motion for entry of judgment was granted by the trial court on January 23, 1986.

1. We first address the Regie's contention that it may maintain an equitable subrogation action in its own name to recover the pension-type payments it was obligated to pay Douglas Grapes as the result of his wife's death in an automobile accident. In rejecting this contention, the trial court relied on the principle that a subrogee "stands in the shoes" of the subrogor: It has no greater rights than the subrogor would have possessed if the latter had commenced the action in his own name. Under Minnesota law the surviving spouse in his own name could not have maintained an action against Jensen. Accordingly, the trial court reasoned, there existed "no shoes" for the Regie to step into.

In asserting the trial court's ruling to be erroneous, the Regie notes that for almost a century the equitable principle of subrogation has been recognized in Minnesota. *Felton v. Bissel*, 25 Minn. 15, 18–19 (1878). But, the Regie contends, because Minnesota has provided damages sustained as the result of a death may be recovered only by a trustee and then only for the exclusive benefit of the surviving spouse and next of kin (Minn.Stat. § 573.02, subd. 1), the Regie is prohibited from suing to recover its damages, and therefore is deprived of complete justice. Thus, the Regie argues, since equity supplements the law, equity should afford it a remedy in these circumstances. It relies on *Application of Mach*, 71 S.D. 460, 25 N.W.2d 881 (1947) and *In re Estate of Kemmerrer*, 114 Cal.App.2d 810, 251 P.2d 345 (Dist.Ct.App.1952).

■ The trial court correctly observed that while the Regie's assertion may be a correct statement of a general equitable principle, in this jurisdiction, at least, the principle is subject to the caveat that "a subrogee is entitled to no greater rights than the one to whom he is subrogated. He merely steps in the shoes of his subrogor." *Employers Liability Assurance Corp. v. Morse*, 261 Minn. 259, 263, 111 N.W.2d 620, 624 (1961). *See also Travelers Indemnity Co. v. Vaccari*, 310 Minn. 97, 102, 245 N.W.2d 844, 847 (1976). These Minnesota precedents limit the application of the general principle urged by the Regie. They hold that equitable subrogation only supplements the law when the law does not remove standing from a subrogor. Simply stated, if the subrogor lacks standing to maintain an action, so also does the subrogee.

■ Clearly, Douglas Grapes lacks standing to sue. The right of a surviving spouse to recover damages is created by Minn.Stat. § 573.01–.05 (1986). That statute requires the action may only be brought by a duly court appointed trustee. Douglas Grapes, not having been appointed trustee, had no right, as an individual, to

---

7. The first count of the amended complaint was couched in equitable subrogation language. The second count, while reciting that the Regie had been appointed as trustee, was not worded

to seek damages sustained by the spouse and next of kin, but rather to seek for itself recovery of $69,182.65 it had paid or was obligated to pay to Douglas Grapes.

bring an action to recover his damages resulting from his wife's death. Therefore, the trial court correctly concluded that neither could the Regie maintain the equitable subrogation action in its own name.

2. The trial court specifically held that the assignment by the spouse and next of kin to the Regie was valid. Although it did not specifically address the issue, the court of appeal's panel, by affirming the trial court's disposition, inferentially, at least, agreed. Appellant Jensen in this court contends that both courts erred in holding that rights under the death by wrongful act statute were assignable.

■ For many years, well settled Minnesota law has prohibited an assignment of a cause of action for personal injuries. *See Travelers Indemnity Co. v. Vaccari*, 310 Minn. 97, 100–01, 245 N.W.2d 844, 846 (1976); *Boogren v. St. Paul City Railway*, 97 Minn. 51, 54, 106 N.W. 104, 106 (1906); *Hammons v. Great Northern Railway*, 53 Minn. 249, 251–52, 54 N.W. 1108, 1109 (1893). The issue here, however, is whether the surviving spouse and next of kin may legally assign a cause of action arising in their favor under the death by wrongful act statute. In our view, the same policy reasons that prohibit assignment of personal injury causes of action exist in resolving the issue posed—to-wit, the increased risk of promoting maintenance and champerty. *See Vaccari*, 310 Minn. at 100–01, 245 N.W.2d at 846. Furthermore, the precise wording of Minn.Stat. § 573.02, subd. 1 (1986) lends support to the conclusion that such claims are not assignable. The statute provides that any recovery "shall be for the exclusive benefit of the surviving spouse and next of kin." Notwithstanding

that statutory language, the Regie argues that a cause of action is assignable if it would survive to the personal representative of a deceased plaintiff. The flaw in that contention is that a death by wrongful act claim does not survive the death of the decedent so as to be assertable by a personal representative. Rather, it is *created* by the decedent's death. *See, e.g., Cashman v. Hedberg*, 215 Minn. 463, 473, 10 N.W.2d 388, 393 (1943); *Rugland v. Anderson*, 30 Minn. 386, 15 N.W. 676 (1883). Therefore, we now hold that the Regie could not maintain the action as assignee of the surviving spouse and next of kin.[8]

■ 3. Upon petition of the surviving spouse, the Regie was duly appointed trustee to assert the claims of the surviving spouse and next of kin. Minn.Stat. § 573.02, subd. 3 (1986). Appellant Jensen argues that the Regie is an improper and incompetent entity to be appointed trustee for the purpose of maintaining this action. We deem that argument to be meritless. Clearly, Minn.Stat. § 573.02, subd. 3 provides that the trial court "shall" appoint a suitable and competent person as trustee. Simply because the trustee may have an interest in the outcome of the case or in the recovery does not denote incompetency to serve as trustee. Indeed, it is, and has been for many years, commonplace for the surviving spouse or one of the next of kin to be appointed as trustee notwithstanding the obvious interest he or she may have in the outcome of the action. The appointment of the trustee is within the discretion of the trial court. *In re Appointment of Trustee for the Heirs of Larsen*, 306 Minn. 364, 369, 237 N.W.2d 371, 374–75 (1975).[9]

---

8. The Regie likewise asserts *Travelers Ind. Co. v. Vaccari* supports its position that a cause of action for personal injury and death benefits is assignable. That contention is untenable. See the court's discussion delineating the difference between an assignment of a personal injury cause of action and a contractual subrogation right. 310 Minn. at 100, 245 N.W.2d at 846.

9. A caveat is in order. As indicated, the purported assignment of the cause of action by the surviving spouse and next of kin was legally ineffective. However, we have likewise held

herein that Regie was a competent trustee. But, as trustee, Regie's prosecution of the action must be for the "exclusive benefit of the surviving spouse and next of kin." Minn.Stat. § 573.02, subd. 1 (1986). Any recovery would inure to the benefit of those persons. Also, pursuant to this statute, after there has been any recovery, the court shall "determine the proportionate pecuniary loss of the persons entitled to the recovery and order distribution accordingly." Minn. Stat. § 573.02, subd. 1. Here, paragraph 14, count II of the amended complaint is couched

4. Even though we hold that the Regie is a competent entity to be appointed trustee under Minn.Stat. § 573.02, subd. 1, we must next consider whether its amendment to the original equitable subrogation complaint made long after the expiration period of the three-year commencement of action period contained in Minn.Stat. § 573.02, subd. 1 "relates back" to the commencement of the original equitable subrogation action which had been commenced within that limitation period. The Regie argues, and both courts below agreed, that pursuant to Minn.R.Civ.P. 15.03 (1986), the complaint does "relate back." Heretofore, this court has not addressed the issue. A majority of the reported cases do allow a complaint amendment changing the capacity in which the plaintiff sues to relate back to the original complaint filed within the limitation period, even after the running of a statute creating a limitation. Most of those cases are distinguishable from the one at bar because they involve plaintiffs who attempted to properly comply with legal rules to qualify as proper persons to bring the action—such as administrator or court appointed person entitled to maintain the action—but were not the proper persons because someone failed to complete the technical requirements necessary to perfect the appointment. Frequently, such original disqualifications were the result of blameless errors, such as failure of personnel in the clerk's office neglecting to file an order *et cetera*. In those cases courts ordinarily not only allow amendments to correct technical deficiencies so as to properly reflect the plaintiff's proper status, but allow such amendments to "relate back." In such circumstances, *i.e.*, where the plaintiff is essentially blameless and the defendant is neither misled nor otherwise prejudiced, it is only equitable and just that in the case of an ordinary and true statute of limitations that the court should permit "relation back" so as to salvage the plaintiff's claim. Admittedly, some cases even go so far as to allow "relation back" when the plaintiff is guilty of no blameless error. *See, e.g., Strother v. District of Columbia*, 372 A.2d 1291 (D.C.App.1977). Notwithstanding the existence of such authority, Appellant Jensen here argues that the "relation back" rule of Minn.R.Civ.P. 15.03 is inapplicable. The three-year limitation period found in the death by wrongful act statute, he asserts, is not an ordinary statute of limitation as were most of the statutes where "relation back" has been permitted, but rather consists of a condition precedent to the commencement of the suit. Because it is a condition precedent, he claims, amendment of the complaint cannot "relate back" so as to revive the expired statute of limitations period.

The Regie's original equitable subrogation action suit was commenced approximately six weeks prior to the expiration of the three-year commencement of suit limitation. However, as the result of failing to file a timely petition to have itself appointed trustee and properly commencing the action under the statute, not only the statutory limitation period, but also 14 additional months expired before it was appointed trustee. Even after being appointed trustee, an additional eight months elapsed before the complaint was amended to attempt to allege a cause of action under Minn.Stat. § 573.02, subd. 1—a total of two years after the expiration the statutory three-year commencement of suit limitation period.

In allowing the amendment and holding it would "relate back," the trial court relied upon *Bonhiver v. Fugelso, Porter and Simich, & Whiteman, Inc.*, 355 N.W.2d 138 (Minn.1984). That reliance was inapposite. In *Bonhiver*, before her death, the decedent had commenced an action for personal injuries. After her death and after the

in language suggesting the action is being brought solely to recover the subrogation interest of the Regie. The mandatory statutory language does not allow for this method of collection of any of the Regie's subrogation rights. Assuming there is a recovery, it could, of course, pursue any remedies it may have against the surviving spouse and next of kin to recoup payments it has made in the appropriate jurisdiction under the laws of Canada or any of the provinces where any of those beneficiaries may be found.

limitation period in Minn.Stat. § 573.02 had expired, her husband petitioned to be appointed trustee to continue the action. Pursuant to the *statutory* language of the second paragraph of Minn.Stat. § 573.02, subd. 1 (1984), we there held that there could be a relation back. The applicable statute specifically permitted a complaint in an action commenced by the decedent during her lifetime to be amended following the appointment of a trustee. Specific statutory language was relied upon rather than Rule 15.03 or any other civil rule of practice or procedure.

Appellant Jensen correctly notes that since 1883, with a sole exception,[10] in a long line of cases this court has held that meeting the limitation requirements of Minn. Stat. § 573.02, subd. 1, is a condition precedent to successful maintenance of a death by wrongful act action. *Rugland v. Anderson,* 30 Minn. 386, 15 N.W. 676 (1883). We there stated "The right to maintain an action of this kind being created by Gen.St.1878, c. 77, § 2 [the predecessor to Minn.Stat. § 573.02, subd. 1], is such that the section gives and no other. * * * It is, therefore, subject to the limitation which that section prescribes, viz.: that it must 'be commenced within two years after the act or omission by which the death was caused.' To this limitation the statute makes no exception, and none can be made by construction." *Rugland,* 30 Minn. at 386, 15 N.W. at 676 (1883) (citations omitted). *See also Berghuis v. Korthuis,* 228 Minn. 534, 536, 37 N.W.2d 809, 810 (1949); *Cashman v. Hedberg,* 215 Minn. 463, 472, 10 N.W.2d 388, 393 (1943). Other jurisdictions which have construed the death by wrongful act statute as being one *creating* a cause of action, have likewise held that commencement of suit with-

in the statutory limitation period is a condition precedent to maintaining the action. *See, e.g., Partee v. St. Louis & Santa Fe Ry.,* 204 F. 970 (10th Cir.1913). Courts in jurisdictions holding commencement of suit within the statutory limitations period to be a condition precedent deny the "relation back" doctrine. *See, e.g., General Motors Co. v. Arnett,* 418 N.E.2d 546 (Ind.App. 1981) (action barred because not commenced by personal representative within Indiana's two-year limitation period); *Richard v. Slate,* 239 Or. 164, 396 P.2d 900 (1964) (held where initial appointment of statutory representative proved to be void, an amended complaint filed by a validly appointed representative after expiration of the limitations period was fatally defective, since commencement of the action by a properly appointed personal representative was as much a condition as timely commencement of the action)[11]; *Schilling v. Chicago N.S. & M.R. Co.,* 245 Wis. 173, 13 N.W.2d 594 (1944) (held that after the initial complaint brought by the decedent's wife had been dismissed, the amended complaint brought by the wife as the special representative filed after the two-year statute period did not "relate back.").

■ The Regie argues that "relation back" should be permitted in this case pursuant to Minn.R.Civ.P. 15.03 because there was no prejudice to Jensen. In doing so it relies on *Swenson v. Emerson Electric Co.,* 374 N.W.2d 690 (Minn.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1998, 90 L.Ed.2d 678 (1986). *Swenson* did not involve a Death by Wrongful Act Statute which creates a cause of action where none previously existed. The Regie's amended complaint did not merely expand upon a cause of action originally instituted. To the contrary, at no time during the three-

10. The sole exception is *DeCosse v. Armstrong Cork Co.,* 319 N.W.2d 45 (Minn.1982) wherein we permitted the maintenance of a death by wrongful act action after the expiration of the three-year limitation period. Our holding there expressly was limited to a situation where the cause of death had been fraudulently concealed by the defendant. As a matter of policy this court would not permit a tortfeasor to hide behind a limitation period which was allowed to

expire because of his or its own fraudulent conduct. 319 N.W.2d at 49.

11. As a part of a major revision of the Oregon probate code, and not specifically in reaction to *Richard,* the holding in *Richard,* in part at least, was legislatively reversed. *See, e.g., Rennie v. Pozzi,* 294 Or. 334, 339–41, 656 P.2d 934, 938–939 (1982).

year statutory limitation period did the Regie have any cause of action to recover wrongful death damages in its own name, with the exception of its indemnity rights to recover for funeral expenses paid. Since it possessed no cause of action in its own name and never pled a valid cause of action, the original attempted equitable subrogation action was a legal nullity. Thus, nothing existed to which the attempted amendment, now brought in the name of the Regie as trustee, could "relate back."

Accordingly, we affirm the trial court's ruling that the Regie may not maintain in its own name an equitable subrogation action to recover amounts it has paid to the Grape family as a result of the death of Marguerite Grapes. We hold that attempted assignments by the surviving spouse and next of kin of their rights to the Regie allowing it to maintain an action under Minn.Stat. § 573.01–.05 (1986) did not permit the Regie to maintain the action for its own benefit. We further hold that the Regie was a competent person to be appointed trustee for the purpose of maintaining a death by wrongful act action but that its appointment was for the purpose of receiving damages for the exclusive benefit of the surviving spouse and next of kin. We further hold that the attempted amendment of the initial equitable subrogation action complaint commenced in its own name to one alleging a claim under Minn. Stat. § 573.01–.05 (1986) did not "relate back" when the attempted amendment occurred after the expiration of the suit commencement three-year limitation period of Minn.Stat. § 573.02, subd. 1.

Reversed.