**Debra K. HAUGLAND, as trustee for the heirs and next of kin of Robert John Donovan, Sr., Appellant,**

v.

**MAPLEVIEW LOUNGE BOTTLESHOP, INC., and Armadillo Willy's, d/b/a Julio's Bar, Respondents.**

**No. CX–01–1395.**

Court of Appeals of Minnesota.

May 6, 2002.

---

1. The limit of the Milbank policy was $100,000.

Peter D. Plunkett, Warren F. Plunkett & Associates, Austin, for appellant.

Peter Waldeck, Peter E. Lind, Waldeck & Lind, P.A., Minneapolis, MN, for respondent Mapleview Lounge & Bottleshop, Inc.

Chandelle L. Heyer, Steven E. Tomsche, Tomsche, Sonnesyn & Tomsche, P.A., Minneapolis, for respondent Armadillo Willy's d/b/a Julio's Bar.

Considered and decided by PETERSON, Presiding Judge, HALBROOKS, Judge, and PARKER, Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

PETERSON, Judge.

This appeal is from a judgment denying appellant Debra K. Haugland's motion to amend her complaint and dismissing the complaint because, Haugland, as trustee for the next of kin of Robert John Donovan Sr., did not have capacity to bring the action under the Minnesota Civil Damages Act, Minn.Stat. § 340A.801 (2000). We affirm.

## FACTS

On February 20, 1999, Robert John Donovan Sr. died in an automobile accident. Donovan left a surviving son, Robert John Donovan Jr. On February 10, 2000, Haugland, the surviving son's maternal aunt, was appointed his conservator.

On February 12, 2001, Haugland served a summons and complaint on respondent Mapleview Lounge and Bottleshop, Inc., and on February 13, 2001, Haugland served a summons and complaint on respondent Armadillo Willy's, d/b/a Julio's Bar. The complaint asserted claims against respondents under Minn.Stat. §§ 340A.801, 340A.802 (2000) based on allegations that respondents illegally provided intoxicating liquor to Robert John Donovan Sr., that Donovan's death was caused by the influence of that intoxicating liquor, and that Donovan's survivor suffered personal and pecuniary loss.

The caption of the complaint identified the plaintiff as "Debra K. Haugland, as trustee for the next of kin of Robert John Donovan, Sr." On May 15, 2001, respondents moved to dismiss the complaint on the basis that the action for injury to Donovan's survivors could not be brought in the name of a trustee for the next of kin, and the complaint could not be amend-

ed to name the real party in interest because the applicable two-year statute of limitations had expired. Haugland moved to amend her complaint. The district court denied Haugland's motion to amend and granted respondents' motion to dismiss.

## ISSUES

1. Under the Civil Damages Act, does the trustee for a decedent's next of kin have a right of action in the trustee's own name for personal and pecuniary loss suffered by the decedent's survivor?

2. If a complaint that asserts a claim under the Civil Damages Act for personal and pecuniary loss suffered by a decedent's survivor is brought in the name of the trustee for the decedent's next of kin, may the complaint be amended more than two years after the decedent's death to bring the action in the name of the survivor?

3. Is the statute of limitations for an action under the Civil Damages Act tolled pursuant to the minority-tolling statute, Minn.Stat. § 541.15 (2000)?

## ANALYSIS

1. Appellant argues that the district court erred by concluding that, as conservator for Robert John Donovan Jr.,[1] she lacked capacity to bring an action under the Civil Damages Act. In *Ortiz v. Gavenda*, 590 N.W.2d 119 (Minn.1999), the supreme court considered a similar issue in the context of a wrongful-death claim brought under Minn.Stat. ch. 573 (1998).

In *Ortiz*, Frances Ortiz, the widow of a man who died from injuries suffered when the motorcycle he was driving collided with a truck, served a complaint on the

---

1. The caption of the complaint refers to Haugland as trustee, but the body of the complaint refers to her as conservator. Haugland

was appointed conservator on February 10, 2000, but nothing in the record indicates that she has been appointed trustee.

driver of the truck and his employer asserting a wrongful-death claim and seeking damages as the trustee for the heirs of the decedent. *Id.* at 120. The driver's answer alleged that the complaint failed to comply with the provisions of the wrongful-death statute. *Id.* at 120–21.

Ortiz then signed documents to have herself appointed trustee for the next of kin of her deceased husband as required by the wrongful-death statute, but due to an error by a legal assistant, the documents were not submitted to the court, and Ortiz was not appointed trustee. *Id.* at 121. The mistake went unnoticed until more than three years after Ortiz's husband died. *Id.*

When the mistake was discovered, Ortiz filed her petition to be appointed trustee, and the trial court appointed Ortiz trustee. *Id.* Ortiz then moved to amend her complaint to reflect her appointment, arguing that the amended complaint should relate back to the date of her original complaint. *Id.* The driver

> moved to dismiss arguing (1) that Minn. Stat. § 573.02, subd. 1, required Ortiz to bring the suit as trustee for her deceased husband's next of kin within three years of his death and (2) that because Ortiz was not appointed trustee within this time period, she lacked standing to bring the action and the trial court lacked jurisdiction to hear her claim.

*Id.*

The trial court denied Ortiz's motion to amend and granted the driver's motion to dismiss. *Id.* On review, this court reversed and remanded the case for trial. *Id.* On further review, the supreme court concluded that Ortiz could not amend her complaint to comply with the statute after the statute of limitations had run and reversed this court. *Id.* at 123–24. The supreme court explained that

[a] wrongful death claim is purely statutory, as common law recognized no such actions on the theory that a claim for personal injuries died with the victim. *Id.* at 121. The supreme court then noted that the statute that permitted Ortiz's wrongful-death action provided that an action may be maintained by the trustee appointed to commence an action and that the action may be commenced within three years after the date of the decedent's death. *Id.* at 121–22.

Ortiz conceded that she was not appointed trustee, and therefore did not bring her wrongful-death action as trustee, within three years of her husband's death. *Id.* at 122. But she argued that she should be allowed to amend her complaint to reflect her later appointment and that the amendment should relate back to the date of her original complaint. *Id.* The supreme court acknowledged that in common-law claims, it had permitted

> untimely amendments to relate back to the date of the original complaint so long as the defendants had adequate notice of the new claim and would not be unfairly prejudiced by the amendment.

*Id.* But the court rejected Ortiz's argument to apply the same rule in a statutory claim. *Id.* at 122–23.

The court stated that, unlike a cause of action under common law,

> the limitations provisions in a statutorily created cause of action are jurisdictional, requiring dismissal for failure to comply—they do not have flexible parameters permitting them to be ignored if their application is "too technical."

*Id.* at 122. Consequently, strict compliance with the statute is required. *Id.*

The supreme court concluded its analysis by explaining that strict compliance with the wrongful-death statute is the underpinning of its decision in *Regie de l'as-*

*surance Auto. du Quebec v. Jensen,* 399 N.W.2d 85 (Minn.1987), where it held that because appointment of a trustee was a condition precedent to bringing a wrongful-death action, an action filed without it was a "legal nullity." *Id.* at 122–23. Therefore, no matter how compelling the circumstances for distinguishing Ortiz's case from *Regie* on equitable grounds, equity could not "breath life into a claim that has never been anything more than a 'nullity.'" *Id.* at 123. Ortiz was not permitted to amend her complaint, and the complaint was dismissed. *Id.* at 124.

In a recent decision that involved an action under the Civil Damages Act, the supreme court stated:

> Like an action for wrongful death, a claim brought under the Civil Damages Act is a statutorily-created cause of action in derogation of the common law.

*Whitener ex rel. Miller v. Dahl,* 625 N.W.2d 827, 830 (Minn.2001). And, as a creature of statute with no common-law counterpart, the supreme court concluded, the Civil Damages Act must be strictly construed. *Id.* at 833.

The Civil Damages Act states:

> A spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support, or who incurs other pecuniary loss by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages. All damages recovered by a minor under this section must be paid either to the minor or to the minor's parent, guardian, or next friend as the court directs.

Minn.Stat. § 340A.801, subd. 1 (2000).

■ This language specifically identifies persons who have a right of action under the Civil Damages Act and explicitly states that they have the right of action in their own name. To have a right of action, a person must be "injured in person, property, or means of support" or incur "other pecuniary loss." The proper party plaintiff in the action is the person entitled to damages for such injuries. *Beck v. Groe,* 245 Minn. 28, 33, 70 N.W.2d 886, 892 (1955). And the action must be brought by the injured party in the injured party's own name. *Id.* at 45, 70 N.W.2d at 898.

■ Haugland's complaint alleges that Robert John Donovan Sr.'s survivor suffered personal and pecuniary loss; it does not allege that Haugland suffered any loss, as trustee or in any other capacity. Therefore, because the statute must be strictly construed, Haugland, as trustee on behalf of the next of kin of Robert John Donovan Sr., did not have a right of action under the Civil Damages Act.

Haugland argues that because a conservator has authority to bring a lawsuit in the name of the conservatee, a conservator is the functional equivalent of a guardian. Therefore, she contends, because she had been appointed conservator when she brought the action, she complied with the statute.

■ This argument erroneously assumes that if Haugland had attempted to bring her action as guardian for the next of kin of Robert John Donovan Sr., rather than as trustee, she would have complied with the statute. But under the statute, only a guardian that is "injured in person, property, or means of support, or who incurs other pecuniary loss" has a right of action in the guardian's own name. The statute does not give a guardian a right of action in the guardian's own name for injuries suffered by someone other than the guardian. Because Haugland does not claim any injury or loss to herself in any capacity, the statute does not give her a right of action in her own name as guard-

ian, conservator, trustee, or any other capacity.

■ 2. Haugland argues that she should be allowed to amend her complaint more than two years after Robert John Donovan Sr. died to bring the action in the name of Robert John Donovan Jr. and that the amendment should relate back to the date of the original complaint.

This argument presents the same issue that the supreme court addressed in *Ortiz* in the context of a wrongful-death action. And in *Ortiz,* as we have already discussed, the supreme court concluded that because the attempt to file a wrongful-death action without first being appointed trustee was a legal nullity, when Ortiz moved to amend the complaint after the statute of limitations expired, nothing existed to which an attempted amendment could relate back. *Ortiz,* 590 N.W.2d at 123.

Just as the plaintiff's attempt to bring a wrongful-death action in *Ortiz* was a legal nullity because the plaintiff had not been appointed trustee when she attempted to bring the action, Haugland's attempt to bring this action is a legal nullity because Haugland brought the action in her own name, and, under the statute, she does not have a right of action in her own name. Also as in *Ortiz,* the statute of limitations for an action under the Civil Damages Act expired before Haugland attempted to amend her complaint. See Minn.Stat. § 340A.802, subd. 2 (2000) ("No action may be maintained under section 340A.801 unless commenced within two years after injury.") Therefore, Haugland's attempted amendment cannot relate back to the original complaint because there is nothing to which the amendment can relate back.

3. Haugland's final argument is that the statute of limitations for her action under the Civil Damages Act should be tolled pursuant to the minority-tolling statute, Minn.Stat. § 541.15 (2000). Haugland

acknowledges that in *Whitener ex rel. Miller v. Dahl,* the supreme court held that the statute of limitations for an action under the Civil Damages Act is not tolled pursuant to Minn.Stat. § 541.15, and she asserts this argument solely to preserve this issue for possible review by the supreme court. Therefore, we will not address the merits of this issue.

### DECISION

Because an action under the Civil Damages Act must be brought in strict compliance with the statute, and the statute does not grant the trustee for a decedent's next of kin a right of action in the trustee's own name for personal and pecuniary loss suffered by the decedent's survivor, Haugland's attempt to bring an action as trustee for the next of kin of Robert John Donovan Sr. was a legal nullity, and Haugland's complaint could not be amended to assert a claim in the name of Robert John Donovan Jr. The district court did not err when it denied Haugland's motion to amend and dismissed her complaint.

**Affirmed.**