**ILLINOIS FARMERS INSURANCE COMPANY, Respondent,**

v.

**Stephanie Lynn NASH, Appellant.**

No. CX–02–290.

Court of Appeals of Minnesota.

Sept. 24, 2002.

**206**

Kay Nord Hunt, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis; and Richard J. Newcome, Richard N. Newcome & R.J. Newcome, P.A., St. Paul, for appellant.

Carrie I. Hansen, Hansen, Dordell, Bradt, Odlaug & Bradt, P.L.L.P., St. Paul, for respondent.

Considered and decided by RANDALL, Presiding Judge, SCHUMACHER, Judge, and HARTEN, Judge.

## OPINION

HARTEN, Judge.

Respondent insurer brought this subrogation action against appellant, an underinsured tortfeasor, to obtain reimbursement of the underinsured benefits respondent had paid to its insured. The parties brought cross-motions for summary judgment. The district court granted respondent's motion and denied appellant's motion. Because we conclude that respondent was not entitled to bring a subrogation action, we reverse the summary judgment and remand for dismissal.

## FACTS

Appellant Stephanie Nash injured Catherine Walker Owusu (Owusu [1]), an insured of respondent Illinois Farmers Insurance Co., in an automobile accident. Owusu brought an action against appellant. Although Owusu served a Malmin [2] notice of the action on respondent, respondent chose not to intervene.

In December 2000, the district court entered judgment for $62,496 in favor of Owusu against appellant. Because appellant's policy limit was $50,000, respondent paid Owusu the remaining $12,496 of the judgment in underinsured motorist's benefits. In April 2001, Owusu executed and appellant filed a satisfaction of judgment. In May 2001, respondent's attorney wrote appellant's attorney:

> Please accept this letter as notification that [respondent,] as the underinsured

---

1. "Owusu" refers both to Catherine Walker Owusu and her husband, Kwame Owusu, the actual insured, who was a co-plaintiff in the underlying action.

2. *See Malmin v. Minn. Mut. Fire & Cas. Co.,* 552 N.W.2d 723, 728, n. 4 (Minn.1996) (holding that an insurer may not require an insured to obtain written consent to sue a tortfeasor, but may require an insured to give an insurer notice of a suit of a tortfeasor so the insurer has the option of intervening).

motorist carrier, has a * * * right for expenses paid in this matter. Accordingly, [respondent] requests reimbursement in the amount of $12,496.00 from [appellant].

Appellant declined to reimburse respondent, and respondent brought this subrogation action against appellant.

## ISSUES

1. When appellant filed the satisfaction of judgment, had appellant received notice from respondent that respondent intended to exercise its subrogation right?

2. Did the satisfaction of judgment defeat respondent's subrogation right?

## ANALYSIS

### Standard of Review

■ On an appeal from summary judgment, this court asks whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The parties agree that the issue before this court, whether respondent has a right of subrogation, is a question of law. Therefore, our review is de novo. *See Morton Bldgs., Inc. v. Comm'r of Revenue*, 488 N.W.2d 254, 257 (Minn.1992) (rehearing denied 21 Sept. 1992).

### 1. Tortfeasor's Right to Notice

[U]pon payment of a loss an insurer is entitled to pursue those rights which the insured may have against a third party whose negligence or wrongful act caused the loss.

*Travelers Indemnity Co. v. Vaccari*, 310 Minn. 97, 99, 245 N.W.2d 844, 846 (1976). It is undisputed that respondent paid Owusu $12,496 in underinsured motorist benefits, an amount that Owusu had a right to recover from appellant, the tort-

feasor who caused Owusu's loss. Therefore, in equity, respondent became entitled to pursue Owusu's right to recover the amount of that payment from appellant, i.e., to subrogate. It is undisputed that after Owusu received full payments from respondent and from appellant's insurer, appellant's attorney obtained and filed a satisfaction of judgment.

■ Whether a satisfaction of judgment defeats a subrogation right is a case of first impression, but the law on whether a settlement defeats a subrogation right is established.

[W]here a tortfeasor and his liability insurer willfully disregard notice of the subrogation claim of the injured person's insurer and enter into a separate settlement with the injured person, such a settlement does not defeat his insurer's subrogation rights.

*Id.* at 103, 245 N.W.2d at 848. "Willfully disregard" has been construed in the context of subrogation.

In order to find willful disregard of an insurer's subrogation interest, some intent to deceive and defraud must be present. Thus, the notice [of that interest] must be actual; a tortfeasor cannot be deemed to have constructive notice, which arises as an inference or presumption of law and not from the parties' intent or conscience.

*Group Health, Inc. v. Heuer*, 499 N.W.2d 526, 529 (Minn.App.1993) (quotation and citation omitted). The question becomes whether appellant's attorney had actual notice of respondent's intent to exercise its subrogation claim when he filed the satisfaction of judgment.

Actual notice may be proved by direct or circumstantial evidence. Formal, written express notice was not given in this case. Nor is there any other direct evidence that [the tortfeasors] had actu-

al notice: [the insurer] did not attend pretrial conferences, attempt to intervene, or otherwise attempt to contact [the tortfeasors].

*Id.* at 529–30 (citations omitted). Appellant was not given "formal, express written notice" of respondent's intent to exercise its subrogation right until 8 May 2001, more than six weeks *after* the 23 March 2001 filing of the satisfaction of judgment. Respondent, like the insurer in *Group Health,* did not intervene in its insured's action against the tortfeasor and offers no evidence of any other attempt to provide appellant with notice.

In *Group Health,* the insurer argued that, during the underlying action, three references to its subrogation interest had been made: in a statement of the case, the insurer had been listed as one of the medical expense providers; in a response to interrogatories from three tortfeasors, the victim's attorney (not the insurer itself) had stated that the insurer had asserted a subrogation right for all medical benefits; and at the victim's deposition, her attorney had said that the insurer retained a subrogation interest on the amount it had paid. *Id.* at 528–29. However, these references were insufficient to put [the tortfeasors] on notice of the insurer's *intent to exercise* any subrogation rights. *Id.* at 530. Likewise, in the instant case, appellant's alleged awareness that respondent had paid benefits did not put her on notice of respondent's intent to exercise its subrogation rights.

The analogy with *Group Health* goes further. "Perhaps most important, [the insurer has] admitted it has no evidence

that [the tortfeasors] intended to defraud it or otherwise defeat its subrogation interests * * *." *Id.* at 530. At oral argument, respondent withdrew any allegation of appellant's intent to defraud. As in *Group Health,* "[appellant] thus had no actual notice or knowledge of [respondent's] subrogation interest," *id.,* and we conclude that, like the *Group Health* insurer, "[respondent] should not be allowed to sleep on its rights when it had adequate opportunity to protect itself." *Id.*[3]

## 2. Satisfaction of Judgment

In March 2001, Owusu executed a satisfaction of judgment, stating that her judgment against appellant "ha[d] been paid and satisfied in full" and authorizing the court administrator to discharge it. Four months later, in July 2001, Owusu assigned to respondent the alleged right to recover $12,496 "from [appellant] * * * who is or might be liable [to Owusu]." But then appellant was no longer liable to Owusu; Owusu had so stated in the satisfaction of judgment. Owusu could not assign to respondent a right Owusu did not have.

"[I]f the subrogor lacks standing to maintain an action, so also does the subrogee." *Regie de l'assurance Automobile du Quebec v. Jensen,* 399 N.W.2d 85, 88 (Minn.1987). In August 2001, when this action was brought, in view of the satisfaction executed by Owusu (the subrogor) and filed by appellant's attorney, Owusu lacked standing to maintain an action against appellant; therefore respondent (the subrogee) also lacked standing.

"Once a satisfaction of judgment is filed with the district court, that judgment ceases to have any existence." *Herubin v. Finn,* 603 N.W.2d 133, 137 (Minn.App.1999) (quotation and citation omitted).

---

**3.** Respondent argues that *Group Health* is distinguishable because it involved a settlement rather than a satisfaction of judgment. But this is a distinction without a difference: like a settlement, a satisfaction of judgment operates to end one party's claim against another.

Respondent argues that it never received notice of the satisfaction of judgment and that its "common law right to subrogation cannot be unilaterally destroyed without notice and an opportunity to be heard." In support, respondent cites *Malmin v. Minn. Mut. Fire & Cas. Co.*, 552 N.W.2d 723 (Minn.1996). But *Malmin* is distinguishable: it applies to an insurer's right to notification of a lawsuit and the corollary opportunity to intervene. Respondent had, but did not use, the opportunity mandated by *Malmin*, and *Malmin* does not address notifying insurers of a satisfaction of judgment.

Accordingly, because appellant's attorney had no actual notice of respondent's intent to exercise its subrogation rights when he filed the satisfaction of judgment, appellant did not willfully disregard that interest; the satisfaction of judgment therefore effectively terminated the victim's right to pursue appellant, and the victim could not assign that right to her insurer. Therefore, respondent has no viable subrogation right against appellant.

## DECISION

Because respondent had not directly notified appellant of its intent to exercise its subrogation rights before appellant filed a satisfaction of judgment, the filed satisfaction of judgment defeated respondent's subrogation right.

**Reversed and remanded.**