**STATE FARM, as insurer of Andrew Heberling, et al., Respondent,**

v.

**LIBERTY MUTUAL INSURANCE CO., as insurer of Tiller Corporation, d/b/a Barton Sand and Gravel Co., Appellant.**

No. A03–1205.

Court of Appeals of Minnesota.

May 4, 2004.

Bradley T. Cosgriff, La Bore, Giuliana, Cosgriff Viltoft, Ltd., Hopkins, MN, for respondent.

John H. Guthmann, Elyssa J. Weber, Hansen, Dordell, Bradt, Odlaug Bradt, P.L.L.P., St. Paul, MN, for appellant.

Considered and decided by WILLIS, Presiding Judge; SCHUMACHER, Judge; and WRIGHT, Judge.

## OPINION

ROBERT H. SCHUMACHER, Judge.

Liberty Mutual Insurance Company, as insurer of Tiller Corporation, d/b/a Barton Sand and Gravel Co., appeals from a judgment partially vacating the arbitrator's award and granting summary judgment to respondent State Farm, as insurer of Andrew Heberling, Michael Heberling, and Evan McCartney–Melstad. Liberty Mutu-al argues the district court improperly vacated the arbitrator's award regarding the no-fault benefits paid for Andrew Heberling's injuries because the claim arises under the Minnesota Wrongful Death Act, Minn.Stat. §§ 573.01–573.02 (2002), and thus barred by a three-year statute of limitations. State Farm has also filed a notice of review claiming the district court erroneously denied its motion for an award of interest pursuant to Minn.Stat. § 65B.54, subd. 2 (2002). We affirm.

## FACTS

This case arises from an accident in April 1997 between a tractor-trailer and a school bus. Michael Heberling, Andrew Heberling, and Evan McCartney–Melstad were passengers on the school bus when it was struck and all were injured. State Farm was the no-fault insurer for all three children. Andrew Heberling died as a result of his injuries. State Farm paid no-fault medical expense in the amount of $59,919 for Andrew Heberling and $6,000 for funeral expenses, as well as no-fault benefits for the other children. Liberty Mutual provided residual liability insurance for Tiller Corporation, the owner of the tractor-trailer that struck the bus.

State Farm filed for arbitration under Minn.Stat. § 65B.53 (2002), seeking indemnity from Liberty Mutual on all expenses it paid to Andrew Heberling and the other children. The arbitrator found State Farm's claim of indemnity for expenses paid on behalf of Andrew Heberling could not stand because the "wrongful death statute of limitations ha[d] run" and awarded State Farm the expenses it paid on behalf of the other children.

State Farm sought district court review of the arbitrator's award. It requested the court vacate the portion of the arbitrator's award that found Andrew Heberling's claim was time barred. The district court

vacated the requested portion of the arbitrator's award and entered judgment against Liberty Mutual in the amount of $59,327 with respect to Andrew Heberling and in amounts claimed with respect to the other two children.

Liberty Mutual filed a notice of appeal. State Farm filed a notice of review with this court seeking review of the district court's judgment, which it claims denied its motion for an award of interest.

## ISSUES

1. Is State Farm's claim for indemnity under Minn.Stat. § 65B.53, where its insured died as a result of injuries sustained in the accident, a claim under the Wrongful Death Act, which provides a three-year statute of limitations?

2. Is State Farm entitled to interest for the no-fault benefits it has paid?

## ANALYSIS

■ 1. Liberty Mutual argues that the three-year statute of limitations provided by the Wrongful Death Act is the proper statute of limitation for a claim of indemnity under Minn.Stat. § 65B.53, subd. 1, when the no-fault benefits were paid on behalf of its insured who later died from injuries suffered in the accident, rather than the general six-year statute of limitations.

■ On an appeal from summary judgment, this court asks two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The district court's summary judgment was based on a no-fault arbitrator's decision of fault. An arbitrator's findings of fact are final. *Ortega v. Farmers Ins. Group*, 474 N.W.2d 7, 9 (Minn.

App.1991). There are no issues of fact in this case.

■ When reviewing a no-fault arbitration award, questions of law are reviewed de novo. *Id.* (stating in no-fault cases normal finality of arbitrator's judgment on questions of law does not apply). The construction and applicability of statutes of limitations are questions of law. *Noske v. Friedberg*, 670 N.W.2d 740, 742 (Minn.2003).

This court in 1995 addressed whether an action for indemnification under Minn.Stat. § 65B.53, subd. 1, was subject to the six-year statute of limitations of Minn.Stat. § 541.05, subd. 1(2), or whether there was no statute of limitations for such actions. *Metro. Prop. & Cas. Ins., Co v. Metro. Transit Comm'n*, 526 N.W.2d 628 (Minn. App.1995), *aff'd on other grounds by* 538 N.W.2d 692 (Minn.1995). We concluded: "Because indemnification rights among insurers under the no-fault act are created by statute, we find the six-year statute of limitations of Minn.Stat. § 541.05, subd. 1(2) applies to indemnification actions under Minn.Stat. § 65B.53, subd. 1." *Id.* at 630.

The present case, however, requires this court to determine whether a no-fault insurer's claim for indemnity under section 65B.53, subd. 1, falls under the scope of the Wrongful Death Act when the insured dies as a result of injuries sustained in the accident. "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2002). Thus, we must determine the legislature's intent in enacting the Minnesota No–Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41– 65B.71 (2002), and the Wrongful Death Act.

Minnesota has developed a comprehensive set of statutes regulating no-fault automobile insurance. *See* Minn.Stat.

§ 65B.41 (stating sections 65B.41–65B.71 may be cited as "Minnesota No–Fault Automobile Insurance Act"). One of the stated purposes of the Minnesota No–Fault Automobile Insurance Act is "to create a system of mandatory intercompany arbitration to assure a prompt and proper allocation of the costs of insurance benefits between motor vehicle insurers." Minn. Stat. § 65B.42(4). In furtherance of this purpose, the legislature provided a right of indemnity between insurers under section 65B.53, which provides:

A reparation obligor paying or obligated to pay basic or optional economic loss benefits is entitled to indemnity subject to the limits of the applicable residual liability coverage from a reparation obligor providing residual liability coverage on a commercial vehicle of more than 5,500 pounds curb weight if negligence in the operation, maintenance or use of the commercial vehicle was the direct and proximate cause of the injury for which the basic economic loss benefits were paid or payable to the extent that the insured would have been liable for damages but for the deduction provisions of section 65B.51, subdivision 1.

Minn.Stat. § 65B.53, subd. 1. When a no-fault insurer seeks indemnity from the residual liability insurer of a commercial vehicle, section 65B.53 provides the right "shall be enforceable only through mandatory good-faith and binding arbitration procedures." Minn.Stat. § 65B.53, subd. 4.

Liberty Mutual argues that because Andrew Heberling died, State Farm's claim for indemnity is subject to the Wrongful Death Act, which provides, "A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in section 573.02." Minn.Stat. § 573.01. Liberty Mutual argues that because State Farm's claim for indemnity falls under the Wrongful Death Act, State Farm was required to file its claim within the three-year time frame required under that act.

The exception to the general rule extinguishing a cause of action for a pure personal tort when the injured party died, provides:

When death is caused by the wrongful act or omission of any person or corporation, the trustee appointed as provided in subdivision 3 may maintain an action therefor if the decedent might have maintained an action, had the decedent lived, for an injury caused by the wrongful act or omission. An action to recover damages for a death caused by the alleged professional negligence of a physician, surgeon, dentist, hospital or sanitarium, or an employee of a physician, surgeon, dentist, hospital or sanitarium shall be commenced within three years of the date of death, but in no event shall be commenced beyond the time set forth in section 541.076. An action to recover damages for a death caused by an intentional act constituting murder may be commenced at any time after the death of the decedent. *Any other action under this section may be commenced within three years after the date of death provided that the action must be commenced within six years after the act or omission.* The recovery in the action is the amount the jury deems fair and just in reference to the pecuniary loss resulting from the death, and shall be for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death. The court then determines the proportionate pecuniary loss of the persons entitled to the recovery and orders distribution accordingly. Funeral expenses and any demand for the support of the decedent allowed by the court having jurisdiction of the ac-

tion, are first deducted and paid. Punitive damages may be awarded as provided in section 549.20.

Minn.Stat. § 573.02, subd. 1 (emphasis added).

The supreme court has long recognized that the Wrongful Death Act is a codification of the common law rule that "a cause of action for a *pure personal tort*" does not survive the death of the injured party unless the Wrongful Death Act provides for specific exceptions. *Green v. Thompson*, 26 Minn. 500, 5 N.W. 376 (1880) (emphasis added) (discussing Gen. St. 1878, c. 77, § 2); *see Regie de l'assurance Auto. du Quebec v. Jensen*, 399 N.W.2d 85, 91 (Minn.1987) (noting Gen. St. 1878, c. 77, § 2 was the predecessor statute to Minn. Stat. § 573.02, subd. 1, and applying supreme court cases interpreting 1878 law); *W. Union Tel. Co. v. Spaeth*, 232 Minn. 128, 132, 44 N.W.2d 440, 442 (1950) (stating "reenactment of a statute without change, after construction of the statute by [the supreme court], presumptively constitutes an adoption of such construction").

Further, the supreme court has stated:

It is well understood that our wrongful death act was enacted for the manifest purpose of granting a right of action, that did not exist at common law, to the personal representative of decedent *for the exclusive benefit of the surviving spouse or next of kin* of the deceased person, *provided the injured party himself could have maintained the action* had he lived.

*Beck v. Groe*, 245 Minn. 28, 45, 70 N.W.2d 886, 897 (1955) (emphasis added). In considering whether a cause of action under section 573.02 was assignable, the supreme court stated: "[A] death by wrongful act claim does not survive the death of the decedent so to be assertable by a personal representative. Rather, it is *created* by

the decedent's death." *Regie*, 399 N.W.2d at 89.

■■■ We conclude the statutory right of indemnity granted a no-fault insurer under section 65B.53, is outside the scope of claims the legislature intended section 573.02 to cover. First, the no-fault act provides the *insurer* the right to recover the money *and not the insured*. A provision of the no-fault act provides:

With respect to a cause of action in negligence accruing as a result of injury arising out of the operation, ownership, maintenance or use of a motor vehicle with respect to which security has been provided as required by sections 65B.41 to 65B.71, the court shall deduct from any recovery the value of basic or optional economic loss benefits paid or payable, or which would be payable but for any applicable deductible.

Minn.Stat. § 65B.51, subd. 1. Subdivision 2 of the same statute states: "A person may bring a negligence action for economic loss not paid or payable by a reparation obligor...." Minn.Stat. § 65B.51, subd. 2. When reviewed together with the specific grant given to the no-fault insurer to recover for the benefits it has paid, under section 65B.53, we conclude the legislature intended the right to recover no-fault benefits to be placed in the hands of the party who actually paid the expenses and not the injured party. Because the injured party could not maintain an action for no-fault benefits paid on his behalf had he lived, it is not appropriate to consider a claim for indemnity under section 65B.53 a wrongful death action subject to section 573.02. *See Beck*, 245 Minn. at 45, 70 N.W.2d at 897.

Furthermore, a wrongful death claim is created by the decedent's death. *Regie*, 399 N.W.2d at 89. Whereas, section 65B.53, subdivision 1, creates a right of indemnity for a no-fault insurer when it "pay[s] or [is] obligated to pay basic or

optional economic loss benefits." A no-fault insurer is required to pay basic economic benefits as they accrue. Minn.Stat. § 65B.54, subd. 1. "Loss accrues not when injury occurs, but as income loss, replacement services loss, survivor's economic loss, survivor's replacement services loss, or medical or funeral expense is incurred." *Id.* Thus, the no-fault insurer's claim for indemnity arises from the payment of covered expense and not the death of the insured. Because the no-fault insurer's claim is not created by the insured's death, the claim does not fall within the scope of the wrongful death act. *See Regie,* 399 N.W.2d at 89.

Moreover, what is recoverable under the Wrongful Death Act is inconsistent with a claim of indemnity under section 65B.53. The Wrongful Death Act provides, "The recovery in the action is the amount the jury deems fair and just in reference to the *pecuniary loss resulting from the death,* and shall be *for the exclusive benefit of the surviving spouse and next of kin,* proportionate to the pecuniary loss severally suffered by the death." Minn.Stat. § 573.02, subd. 1 (emphasis added). In contrast, under section 65B.53, subdivision 1, the no-fault insurer may recover from the commercial residual liability insurer the amount of no-fault benefits paid, which are primarily expenses that result from injuries sustained in the accident. *See* Minn.Stat. § 65B.44 (defining basic economic loss benefits to include medical expenses).

Finally, the Wrongful Death Act indicates a wrongful death claim should be resolved in a jury trial. Minn.Stat. § 573.02, subd. 1. Section 573.02 provides that the "recovery in the action is the amount the *jury* deems fair and just," and that the *"court* then determines the proportionate pecuniary loss" and details how to manage certain expense "allowed by the

*court having jurisdiction* of the action." *Id.* (emphasis added). In contrast, a claim for indemnity under 65B.53, subd. 1, is "enforceable only through mandatory good-faith and binding arbitration procedures." Minn.Stat. § 65B.53, subd. 4.

■ Liberty Mutual argues that the supreme court's decision in *Regie* is dispositive of the present issue because the court should not treat a statutory right of indemnity any different from an equitable right of subrogation. Setting aside the distinction between a claim specifically granted by statute and one based on equity, the plain language of section 65B.53 demonstrates the legislature intended to distinguish between a no-fault insurer's right of indemnity from a residual liability insurer of a commercial vehicle operator and an insurer's right of subrogation.

Subdivisions 2 and 3 describe the situations in which a no-fault insurance provider has a right of subrogation. Subdivision 2 provides:

> A reparation obligor paying or obligated to pay basic or optional economic loss benefits is subrogated to the claim for the recovery of damages for economic loss that the person to whom the basic or optional economic loss benefits were paid or payable has against another person whose negligence in another state was the direct and proximate cause of the injury for which the basic economic loss benefits were paid or payable. This right of subrogation exists only to the extent that basic economic loss benefits are paid or payable and only to the extent that recovery on the claim absent subrogation would produce a duplication of benefits or reimbursement of the same loss.

Minn.Stat. § 65B.53, subd. 2. Subdivision 3 provides the no-fault insurer with a subrogation right for an insured's recovery for basic economic losses in "a claim based on

an intentional tort, strict or statutory liability, or negligence other than negligence in the maintenance, use, or operation of a motor vehicle." Minn.Stat. § 65B.53, subd. 3. Because the legislature specified when a no-fault insurer had a right of subrogation, this court presumes the legislature intended the right of indemnity provided in subdivision 1 to be distinct from a right of subrogation. *See United States v. Bean*, 537 U.S. 71, 123 S.Ct. 584, 587 n. 4, 154 L.Ed.2d 483 (2002) ("The use of different words within related statutes generally implies that different meanings were intended.") (quoting 2A N. Singer, *Statutes and Statutory Construction* § 46.06, p. 194 (6th ed.2000)). Although a claim for indemnity under Minn.Stat. § 65B.53 may not be a "true indemnity claim" as Liberty Mutual argues, *see Allstate Ins. Co. v. Eagle–Picher Indus., Inc.*, 410 N.W.2d 324, 328 (Minn.1987), it is clear the legislature intended the claim to be distinct from a claim of subrogation.

■ 2. State Farm is seeking review of what it claims was the district court's denial of its motion for an award of interest pursuant to Minn.Stat. § 65B.54, subd. 2. At the time the district court rendered its decision, there was no motion before the court by State Farm for interest. State Farm argues it requested an award of interest by way of its proposed order. A line in a proposed order does not place an issue before a court and we decline to review the issue. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (appellate courts generally will not considered matters not argued and considered in court below).

In Liberty Mutual's reply brief it suggests this court, on its own initiative, should sanction State Farm under Minn. R. Civ. P. 11.03(a)(2) because it "has no good faith basis to seek interest." Rule 11 sanctions are a matter for the district court. Minn. R. Civ. P. 1 ("These rules govern the procedure in the district courts . . . .").

## DECISION

A claim of indemnity by a no fault insurer against a residual liability insurer under Minn.Stat. § 65B.53, subd. 1, when insured dies is not a cause of action covered by the wrongful death act. Even in those cases where the no-fault insurer's insured dies, the claim, as a statutorily created action, is subject to the six-year statute of limitations under Minn.Stat. § 541.05, subd. 1(2).

**Affirmed.**