Joseph WHITENER, Jr., Michael Lee Bower, Jerome Lee Whitener, and Thomas Jacob Whitener, minors, by their guardian ad litem, Lee MIL-LER, Petitioners/Appellants,

v.

Ronald DAHL, d/b/a Flowing Well Supper Club, Defendant and Third–Party Plaintiff, Respondent,

v.

Mahnomen Implement, Inc., et al., Third Party Defendants.

No. C7–99–2177.

Supreme Court of Minnesota.

May 17, 2001.

Paul F. McEllistrem, Hauer, Fargione & Love, P.A., Minneapolis, for appellants.

Waldeck and Lind, P.A., Peter Lind, Steven D. Pattee, Minneapolis, for respondent.

Joseph M. Goldberg & Assoc., Joseph M. Goldberg, Mineapolis, for third party defendants.

## OPINION

STRINGER, Justice.

Appellants, the four minor children of Sandra Bower, assert claims under the Minnesota Civil Damages Act, Minn.Stat. §§ 340A.801.802 (2000), for damages resulting from respondent's allegedly illegal sale of alcohol to their mother hours before her death in a car accident.[1] Appellants allege that late in the evening of December 5 and in the early morning hours of December 6, 1995, Ronald Dahl, d/b/a Flowing Well Supper Club (respondent), illegally sold their mother intoxicating beverages at a time when she was obviously intoxicated, resulting in her death shortly after 7 a.m. on December 6, 1995 when the car she was driving collided with a vehicle owned by Mahnomen Development, Inc. and driven by Shawn Paul Kologi. A guardian ad litem was appointed for appellants on March 9, 1999. Process was served on respondent on April 1, 1999, more than three years after the death of Sandra Bowers.

■ Respondent moved for summary judgment on the basis that the action was not commenced within two years after the injury as required by Minn.Stat.

§ 340A.802, subd. 2 (2000). Appellants argued that their suit was timely because each appellant is younger than age 18 and under the minority-tolling statute, Minn. Stat. § 541.15(a)(1) (2000), the limitations provision for bringing an action under the Civil Damages Act is suspended until one year after a minor child reaches age 18. The trial court denied respondent's motion for summary judgment but certified as important and doubtful the following question: "Is the statute of limitations, for the cause of action of the minor children pursuant to Minn.Stat. § 340A.801 et seq., tolled pursuant to Minn.Stat. § 541.15?" The court of appeals reversed, granting the motion for summary judgment and holding that the legislature did not intend the limitations period in the Civil Damages Act to be suspended by the statutory minority-tolling provision and answered the certified question in the negative. We agree with the court of appeals and affirm.

The certified question brings into focus an apparent conflict between Minnesota's minority-tolling statute, Minn.Stat. § 541.15(a),[2] and the Civil Damages Act, Minn.Stat. §§ 340A.801.802.[3] The minority-tolling statute creates a general exception to statutes of limitations for claims of minors, and provides, relevant to our pur-

---

1. Minnesota Statutes § 340A.801, subd. 1 (2000) provides that:

    A spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support, or who incurs other pecuniary loss by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages. All damages recovered by a minor under this section must be paid either to the minor or the minor's parent, guardian or next friend as the court directs.

2. Minnesota Statutes § 541.15(a) (2000) provides:

    Except as provided in paragraph (b), [creating a cap on the suspension of the statute of limitations for actions relating to medical malpractice] any of the following grounds of disability, existing at the time when a cause of action accrued or arising anytime during the period of limitation, shall suspend the running of the period of limitation until the same is removed; provided that such period, except in the case of infancy, shall not be extended for more than five years, nor in any case for more than one year after the disability ceases: (1) that the plaintiff is within the age of 18 years * * *.

3. *See* Minn.Stat. § 340A.802, subd. 2 ("No action may be maintained under section 340A.801 unless commenced within two years after the injury.").

poses here, that the running of the statute of limitations on a cause of action shall be suspended as to a minor plaintiff until one year after the minor reaches age 18. Minn.Stat. § 541.15(a). The Civil Damages Act creates a right to bring a cause of action for injury or loss caused by an intoxicated person against an entity or person who illegally sold alcohol to the intoxicated person, but contains its own statute of limitations requiring commencement of an action within two years after the date of injury. The interplay of these two statutory provisions is the heart of this appeal and is a question of first impression before this court.

In denying respondent's motion for summary judgment, the trial court concluded that the minority-tolling statute and the two-year limitations provision in the Civil Damages Act are not irreconcilable. The court ruled that although the legislature has determined that public policy is served by requiring claims to be asserted within a reasonable time period, the general exception for the claims of minors applies because their disability prevents them from bringing suit on their own behalf until they reach majority. The court certified as important and doubtful the question whether the minority-tolling provision in Minn.Stat. § 541.15 applies to an action brought under the Civil Damages Act.

On review, the court of appeals resolved the certified question in the negative. The court cited *Cashman v. Hedberg*, 215 Minn. 463, 467, 10 N.W.2d 388, 391 (1943), where we first observed that a cause of action for wrongful death was not recognized at common law and that compliance with the conditions imposed by the statute creating the cause of action relate to the right to bring suit in the first instance, not the remedy. We stated:

> It is established, however, by the weight of authority, and followed by this state,

that, since a wrongful death statute creates a right of action which did not exist at common law and is a condition affecting the right rather than the remedy, ordinarily neither express nor implied provisions which toll general limitation statutes will extend the limitation period in a wrongful death statute in the absence of a saving clause in the latter statute.

*Id.* We ruled that the court will make no exception to the limitations period provided by a statute granting a statutorily created right unless that statute contains a clause stating that general tolling statutes or other exceptions apply. We then went on to examine legislative intent through such indicia as the time of enactment, statutory language, and legislative history as that history interwove with previous decisions of this court, and concluded that failure to comply with the wrongful death limitations period bars commencement of an action for wrongful death. *Id.* at 471–73, 10 N.W.2d at 393–94.

The court of appeals acknowledged that the Civil Damages Act is a statutory creation in derogation of the common law and therefore must be strictly construed, citing *Bonhiver v. Fugelso, Porter, Simich and Whiteman, Inc.*, 355 N.W.2d 138, 141 (Minn.1984), and *Schulte v. Corner Club Bar*, 544 N.W.2d 486, 488–89 (Minn.1996). It cited our recent decision in *Ortiz v. Gavenda*, where, in the context of a claim made under the Wrongful Death Act, we held that compliance with the limitation period was a condition precedent to maintaining an action. 590 N.W.2d 119, 122 (Minn.1999).

The court then turned to indicia of legislative intent and held that because the minority-tolling statute was enacted long before the Civil Damages Act, the legislature could not have intended the tolling statute to apply to a statutorily-created

cause of action not then in existence. The court noted we have long held that because the right to bring an action for wrongful death is granted by statute in derogation of the common law, it is conditioned upon compliance with the statute of limitations contained in the statute creating the right. *Cashman,* 215 Minn. at 467–72, 10 N.W.2d at 391–93 (affirming *Rugland v. Anderson,* 30 Minn. 386, 15 N.W. 676 (1883)). In the absence of statutory language to the contrary, we will not infer that the general tolling provisions apply to the wrongful death limitations period. *Id.* Like an action for wrongful death, a claim brought under the Civil Damages Act is a statutorily-created cause of action in derogation of the common law. *Beck v. Groe,* 245 Minn. 28, 34, 70 N.W.2d 886, 891 (1955). The court of appeals concluded that the legislature's failure to take any remedial steps to require application of the minority-tolling statute to the limitations period of the Civil Damages Act after this court first held, in 1883, that the right to maintain an action under the Wrongful Death Act "is such as that section gives and no other," *Rugland,* 30 Minn. at 386, 15 N.W. at 676, is further indication that the legislature did not intend to grant minors additional time to bring a civil damages action. Further, the two-year limitations period was added to the Civil Damages Act in 1969 separate from and without reference to the tolling statute.

Finally, the court of appeals rejected appellants' effort to distinguish Wrongful Death Act claims from Civil Damages Act claims on the basis that wrongful death actions may be brought only by a trustee, while under the Civil Damages Act children may have rights of action in their own names. The court reasoned that this distinction merely provides additional support to previous decisions regarding the inapplicability of general tolling statutes to the Wrongful Death Act, but does not support appellants' argument that the minority-tolling statute should extend the Civil Damages Act limitations period. The court reversed the trial court and answered the certified question in the negative.

In urging this court to reverse the court of appeals, appellants maintain that the Civil Damages Act creates an individual cause of action in the name of each person sustaining damage and should be read in terms of the important public policy behind Minn.Stat. § 541.15, the minority-tolling statute. In support of their policy argument, appellants refer to principles of statutory construction, specifically, "[w]hen a general provision in a law is in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both." Minn.Stat. § 645.26, subd. 1 (2000). Appellants argue that treating the minority-tolling statute as an exception to the Civil Damages Act limitations period would give effect to the language of both statutes, and cite *Ostrander by Ostrander v. Cone Mills, Inc.,* 445 N.W.2d 240, 243 (Minn.1989) (Yetka, J., dissenting), for the proposition that public policy considerations supporting the minority-tolling statute, such as fairness and sufficient time to ascertain the extent of damages suffered by minors, outweigh the public policy considerations behind statutes of limitations generally.

■ Resolving the conflict between the statutes at issue here is not as easily accomplished as appellants argue. Appellants' argument simply avoids the issue by concluding that the public policy underlying the minority-tolling statute requires its application to the Civil Damages Act limitations period, despite decades of jurisprudence establishing that the solution lies not in which statute is supported by the more

important public policy, if such a determination could even be made, but rather in what the legislature intended in adopting the statutes. *See, e.g., Cashman,* 215 Minn. at 467–72, 10 N.W.2d at 391–93. We reject appellants' argument that the certified question can be resolved by favoring the policy of one statute over the other.

Appellants next argue that we should look to the Michigan Supreme Court decision in *Lambert v. Calhoun,* 394 Mich. 179, 229 N.W.2d 332 (1975), for sound reasoning to reverse the court of appeals. The minor plaintiffs in that case sought recovery from the Michigan Motor Vehicles Accident Claims Fund, a right of action created by statute which provided that the claim must be commenced within three years of the accident. The court considered whether Michigan's Revised Judicature Act, similar to Minnesota's minority-tolling statute, permitted the minor plaintiffs to commence an action under the act more than three years after the accident. *Lambert,* 229 N.W.2d at 332–33. The court first observed that the doctrine conditioning the maintenance of a statutorily-created cause of action upon strict compliance with the statute creating the right evolved as a method for avoiding forum shopping where the limitation periods differed among states, and turned to legislative policy and intent. *Id.* at 334–37. The court found "scant reason" to differentiate between common law and statutorily-created causes of action in applying the tolling provision. *Id.* at 337. Importantly however, and distinguishing the statutory history in *Lambert* from that before us, Michigan's minority-tolling statute was amended in 1961[4] to extend to "any action" in contrast to its previous more limiting statutory language "any of the actions mentioned in this chapter."[5] The court cited the legislative amendment broadening the application of the tolling statute as a basis for concluding that despite the lack of explicit language allowing the application of the general tolling statutes, the legislature intended that the Michigan Motor Vehicles Accident Claims Fund statute of limitations must be applied without exception. *Id.* at 337.

We disagree that *Lambert* provides a sound and reasoned analysis to be followed by this court. The legislative history of the two statutory provisions before us does not lead to the same conclusion as reached by the Michigan Supreme Court in *Lambert.* The minority-tolling statute became a part of Minnesota law in 1849 when by act of Congress the laws of Wisconsin were extended to the territory of Minnesota. *Cashman,* 215 Minn. at 466, 10 N.W.2d at 390. The Civil Damages Act was adopted in 1911.[6] Despite this court's decisions in *Rugland* and *Cashman* where we held that in the absence of a saving clause the exceptions contained in the general tolling statutes do not apply to the limitations period incorporated into a statutorily created cause of action, *Cashman,* 215 Minn. at 473, 10 N.W.2d at 391–92; *Rugland v. Anderson,* 30 Minn. at 386, 15 N.W. at 676, the legislature did not adopt explicit language requiring application of the general tolling provisions when the Civil Damages Act was adopted in 1911, or when it was amended to incorporate a two-year limitations period in 1969.[7] Thus no-

---

**4.** Revised Judicature Act of 1961, 1961 Mich. Pub. Acts No. 236, ch. 58, § 600.5851, 416, 592 (codified at Mich. Comp. Laws Ann. § 600.5851(1) (2000)).

**5.** *See* Judicature Act of 1915, 1915 Mich. Pub. Acts No. 314, ch. IX, § 15, 3, 60.

**6.** Act of April 18, 1911, ch. 175, 1911 Minn. Laws 221, 221.

**7.** Act of July 1, 1969, ch. 952, § 1, 1969 Minn. Laws 1855, 1855–56.

tably absent from this legislative history, unlike the history of the Michigan statute, is an indication of legislative intent that the limitations period in Minn.Stat. § 340A.802 be subject to the minority-tolling provision in Minn.Stat. § 541.15.[8] Indeed it appears to be just the opposite. In the absence of explicit language allowing the application of the minority-tolling statute to the two-year limitations provision in the Minnesota Civil Damages Act, the minority tolling statute does not apply to a civil damages action brought by minors.

Appellants next challenge the court of appeals ruling on the basis that the Wrongful Death Act is fundamentally different from the Civil Damages Act because a child does not have a cause of action under the wrongful death statute and challenge the court of appeals ruling to the contrary. The statute provides that an action for wrongful death must be commenced by a trustee. who, by definition, must be "suitable and competent." Minn. Stat. § 573.02, subd. 3 (2000). Appellants argue that a child could not qualify as a trustee because of the legal disability associated with being a minor and therefore the question whether the minority-tolling statute suspends the limitations period provided in the wrongful death statute could not arise. Appellants argue that where the legislature intended to limit the application of the minority-tolling statute it has done so explicitly[9] and that if this court finds an implicit exception to the minority-tolling statute here, it will result in a bizarre patchwork of limitation periods for minors and their guardians to navigate.

■ While the distinction between the Wrongful Death Act and the Civil Damages Act suggested by appellants no doubt exists, it is of no significance to the ultimate issue here, as failure to comply with the limitations period prescribed by a statutorily created cause of action bars the right to bring the action, irrespective of who brings it. Further, the legislature could hardly have intended such a profound difference as would occur if, as appellants argue, application of the tolling statute turned on whether a guardian ad litem or a trustee is appointed. See *Cashman*, 215 Minn. at 467, 10 N.W.2d at 391 (describing the fundamental difference between statutorily-created causes of action and common law causes of action). Appellants' concern that bizarre and inconsistent results will occur if the minority-tolling statute applies in a common law cause of action but not in a statutorily created cause of action is misplaced. The simple answer is that it is not unusual for the right to recover for an injury to depend upon the cause of action alleged. As to the matter before us, where the cause of action did not exist at all under the common law, if the legislature determines that in the best interests of the state and consistent with public policy such a cause of action should be created, the legislature clearly has the authority to set the conditions for bringing the action. The limita-

8. That the legislature knew how to do this is without question, as in 1986 the minority-tolling provision was amended to cap the period at seven years in actions relating to malpractice against a health care provider. Act of Aug. 1, 1986, ch. 455, § 79, 1986 Minn. Laws 840, 877–78 (codified at Minn.Stat. § 541.15(b) (2000)).

9. *See* Minn.Stat. § 541.15(b) ("In actions alleging malpractice, error, mistake, or failure to cure, whether based on contract or tort, against a health care provider, * * * [minority] suspends the period of limitation until the disability is removed. The suspension may not be extended for more than seven years, or for more than one year after the disability ceases.").

tions period may well be different from the limitations period for a common law claim, but as we have often pointed out, that policy argument is properly presented to the legislature, not to this court. *See, e.g., McClish v. Pan–O–Gold Baking Co.,* 336 N.W.2d 538, 542–43 (Minn.1983). We need look no further than the minority-tolling statute itself for proof that the legislature certainly is capable of and knows how to blend the statute with other causes of action.[10] It did not do so with respect to the Civil Damages Act and the minority-tolling statute.

■ As the Civil Damages Act is a creature of statute and has no common law counterpart, there would be no basis for appellants' cause of action in its absence, and it must be strictly construed.[11] *Bonhiver,* 355 N.W.2d at 141; *Beck v. Groe,* 245 Minn. at 34, 70 N.W.2d at 891. In the context of the exclusively statutory cause of action arising under the Wrongful Death Act we have held that in the absence of specific language in the statute creating the cause of action, "neither express nor implied provisions which toll general limitation statutes will extend the

limitation period." *Cashman,* 215 Minn. at 467, 10 N.W.2d at 391. In *Ortiz* we held that where the plaintiff failed to bring an action for wrongful death as the duly-appointed trustee for her husband's next of kin within three years, equitable principles of relation back were inapplicable because a suit commenced without the appointment of a trustee was a nullity. 590 N.W.2d at 124. We ruled that the deficiency could not be ignored as "too technical" because the

> period fixing the time within which the right of action for wrongful death may be exercised is not an ordinary statute of limitations. It is considered a condition precedent to the right to maintain the action, and the lapse of such period is an absolute bar. It conditions the right.

*Id.* at 122 (quoting *Berghuis v. Korthuis,* 228 Minn. 534, 536, 37 N.W.2d 809, 810 (1949)). Finally, as to respondent's argument that a claim brought under the Civil Damages Act is a "special case" that the legislature has carved out as an exception to the general limitations provisions such as the minority-tolling statute,[12] it may

**10.** *See* Minn.Stat. § 541.15(b) (capping the time an action relating to medical malpractice can be suspended for reasons of disability at seven years).

**11.** For example in *Wallin v. Letourneau* we held that the notice requirement in Minn.Stat. §§ 340A.801–.802, subd. 2, was not met when notice was not served on an officer or registered agent, even though it was served on a bartender. *Wallin v. Letourneau,* 534 N.W.2d 712, 715 (Minn.1995) ("For the Wallins to have satisfied the written-notice requirements of the statute, they would have had to serve the notice-of-injury letter on a registered agent of Leaders' Enterprises, or upon an officer of Leaders' Enterprises, or upon the Secretary of State."). General knowledge of drinking and a subsequent accident is not sufficient notice of a dram shop claim:

> Respondents acknowledge knowing that Schulte died in a snowmobile accident after he had been drinking 'sociably' in their respective bars, but argue that this was not enough to give them reasonable notice of a possible dram-shop claim. We agree. * * * We conclude that there must be something more than these two points of information to reasonably put a licensee on notice of a possible claim for purposes of the actual notice requirement in Minn.Stat. § 340A.802.

> *Schulte v. Corner Club Bar,* 544 N.W.2d at 489.

**12.** Respondent argues that the language of the general tolling statute indicates that the legislature intended that the minority-tolling statute not toll the Civil Damages Act limitations period. "Actions can only be commenced within the periods prescribed in this chapter, after the cause of action accrues,

well be that the legislature intended to include a statutory cause of action with built-in limitation periods as a "special case" but the statute provides no definition of that term and we decline to explore its meaning where there is ample indicia of legislative intent to conclude that the minority-tolling statute was not intended to be an exception to the Civil Damages Act limitations provision.

We add as a concluding note that while there are compelling reasons for suspending the limitations period on Civil Damages Act claims belonging to children until the claimants reach majority, and similarly legitimate concerns about stale claims as well, it is not up to this court to create a right in appellants to bring a civil damages claim after the limitations period has expired where longstanding principles of statutory construction and clear legislative intent indicate that none now exists.

The certified question is answered in the negative.

Affirmed.

except where a different limitation is prescribed by the Uniform Commercial Code or, in *special cases*, by other statute * * *." Minn.Stat. § 541.01 (2000) (emphasis added).