Debora K. HAUGLAND, as trustee for the heirs and next of kin of Robert John DONOVAN, Sr., Appellant,

v.

MAPLEVIEW LOUNGE & BOTTLESHOP, INC., Respondent,

and

Armadillo Willy's, d/b/a Julio's Bar, Respondent.

No. CX–01–1395.

Supreme Court of Minnesota.

Aug. 7, 2003.

Peter D. Plunkett, Warren F. Plunkett & Associates, Austin, MN, for Appellant.

Peter M. Waldeck, Peter E. Lind, Waldeck & Lind, P.A., Minneapolis, MN, for Respondent Mapleview Lounge .& Bottleshop.

Steven E. Tomsche, Chandelle L. Heyer, Tomsche, Sonnesyn & Tomsche, P.A., Minneapolis, MN, for Respondent Armadillo Willy's, d/b/a Julio's Bar.

## OPINION

PAGE, Justice.

This pretrial appeal arises out of a single-vehicle drunk-driving accident in which the vehicle's driver, Robert John Donovan Sr., was killed. Donovan Sr. died after allegedly having been served alcohol by respondent Mapleview Lounge & Bottleshop, Inc. (Mapleview), and respondent Armadillo Willy's, d/b/a Julio's Bar (Julio's), in violation of Minnesota's Civil Damages Act (the Act). *See* Minn.Stat. § 340A.801 (2002). Donovan Sr. is survived by a minor son, Robert John Donovan Jr. After first having been appointed Donovan Jr.'s conservator and wrongful death trustee for Donovan Sr.'s estate, Debora Haugland, Donovan Jr.'s maternal aunt, filed a lawsuit against Mapleview and Julio's. The

action was commenced eight days before the statute of limitations for claims under the Act expired. The complaint, captioned "Debra [sic] K. Haugland, as trustee for the next of kin of Robert John Donovan, Sr.," sets out claims for wrongful death and for violations of the Act. *See* Minn. Stat. §§ 340A.801–.802; 573.02(3). After the limitations period expired, Mapleview and Julio's moved to dismiss the action on the ground that Haugland was not a proper party to bring a claim under the Act. In response, Haugland moved to amend the complaint to change the caption to identify Donovan Jr. as the plaintiff and to clarify that the action was brought pursuant to the Act. Mapleview and Julio's argued there was no valid complaint to amend because the original complaint did not name a party who could bring a civil damages claim. The district court granted Mapleview's and Julio's motions to dismiss and denied Haugland's motion to amend the complaint. The court of appeals affirmed. We granted review on the following two issues: (1) whether a complaint in a civil damages action can be amended after the statute of limitations period has expired to name the real party in interest; and (2) whether a conservator for the decedent's surviving minor child may bring a civil damages action on behalf of the minor child. We reverse and remand.

On February 20, 1999, Donovan Sr. died in a motor-vehicle accident. On February 10, 2000, Haugland was appointed conservator for Donovan Jr. On February 8, 2001, she was appointed trustee for Donovan Sr.'s estate for the purpose of pursuing a wrongful death action. On February 12, 2001, Haugland initiated an action in Mower County District Court against Mapleview and Julio's. Paragraph I of the complaint alleges: .

> That the plaintiff herein, who is the conservator for Robert John Donovan, Jr., the only son of decedent Robert John Donovan, Sr., was duly appointed Trustee by order of the District Court of Mower County on the 8th day of February, 2001, to prosecute an action for the wrongful death of Robert John Donovan, Sr. for the benefit of the next of kin, for whose benefit this action is brought, pursuant to the provisions of Minnesota Statute section 573.02(3).[1]

Paragraphs II, III, and IV identify Mapleview and Julio's as the defendants. Paragraph V alleges that the defendants "unlawfully sold, bartered, or gave intoxicating liquors to [Donovan Sr.] in violation" of Minnesota law. Paragraph VI alleges that those illegal sales caused or contributed to Donovan Sr.'s intoxication. Paragraph VII alleges that Donovan Sr. operated his motor vehicle while under the influence of the illegally sold intoxicating liquor. Paragraph VIII alleges that, as a result of Donovan Sr.'s driving under the influence of the illegally sold intoxicating liquor, he was involved in an accident that resulted in his death. Paragraph IX alleges that Donovan Sr.'s death was caused by the defendants' illegal sale of the intoxicating liquor. Paragraph X states that the defendants received written notice of the civil damages claim as required by the Act. A copy of that notice was attached to the complaint as Exhibit A. Paragraph XI alleges that the defendants are liable for damages pursuant to the Act. Finally, paragraph XII of the complaint alleges that, as a result of the negligence of the defendants, Donovan Sr.'s survivors have suffered "permanent and substantial per-

---

1. Minnesota Statutes § 573.02(3) sets out a cause of action under the Wrongful Death Act.

sonal and pecuniary loss and have been deprived of the advice, counsel, comfort, protection, support and companionship" of Donovan Sr.

The complaint was filed eight days before the expiration of the Act's two-year statute of limitations. After the expiration of the limitations period, Mapleview and Julio's moved to dismiss the complaint on the basis that Haugland, as trustee for the next of kin of Robert John Donovan Sr., could not bring a cause of action for civil damages. Haugland then sought to amend the complaint, specifically the caption heading naming the plaintiff to read "Robert John Donovan, Jr., a minor, by his Conservator and Guardian ad Litem, Debra [sic] K. Haugland." [2] Haugland also sought to amend paragraph I of the complaint to state that the action was being brought under the Act. Finally, the proposed amended complaint deleted all references to a wrongful death claim.

Mapleview and Julio's opposed allowing the complaint to be amended, arguing that there was no valid complaint to amend because the original complaint was brought by a party who did not have capacity to bring a claim under the Act. Therefore, they reasoned, the statute of limitations expired on Donovan Jr.'s civil damages claim before a valid lawsuit was commenced. [3] Mapleview further argued that under the clear language of the Act a conservator does not have the authority to bring an action in the conservator's own name.

Haugland argued that the complaint, although improperly captioned, set forth a valid civil damages claim on behalf of Don-

ovan Jr. who, as a minor, could not bring the claim on his own. She claimed that the proposed amendment did not allege a different cause of action, but merely corrected the pleadings in the original cause of action and therefore she should be allowed to amend the complaint under Minn. R. Civ. P. 15.01, 15.03, and 17.01 to change the caption to reflect that the action was being brought by Donovan Jr. by and through Haugland and to clarify that the action was being brought under the Act.

The district court agreed with Mapleview and Julio's and found that: (1) Haugland, as trustee for the next of kin of Donovan Sr., did not have the capacity to bring a claim in her own name under the Act; (2) there was no valid complaint to which the proposed amended pleadings could relate back; and (3) the complaint, therefore, had to be dismissed. In affirming, the court of appeals concluded as did the district court that Haugland did not, as either trustee or conservator, have a right of action in her own name under the Act and that, as a result, the original complaint was a legal nullity and could not be amended to assert a claim in the name of Donovan Jr. after the statute of limitations for a civil damages claim had expired.

**I.**

This case requires us to determine whether the original complaint filed by Haugland set out a legally sufficient civil damages action on behalf of Donovan Jr., such that the claim was not time barred and therefore the complaint could be amended and relate back to the original. We must also determine whether Haug-

2. Haugland also petitioned the court to be appointed Donovan Jr.'s guardian. The status of the petition at the time she requested permission to amend the complaint is not clear from the record. However, her status as guardian is not at issue here.

3. The defendants acknowledge in their briefs to this court that the Act permits a minor child to bring an action in his own name by and through another person, but argue that an otherwise-qualified person cannot bring an action on behalf of the minor child.

land, as conservator, may commence a civil damages action against Mapleview and Julio's on Donovan Jr.'s behalf. We review questions of statutory construction de novo. *K.R. v. Sanford,* 605 N.W.2d 387, 389 (Minn.2000).

■ The Act provides in relevant part: A spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support, or who incurs other pecuniary loss by an intoxicated person or by the intoxication of another person, has a right of action *in the person's own name* for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages. All damages recovered by a minor under this section must be paid either to the minor or to the minor's parent, guardian, or next friend as the court directs.

Minn.Stat. § 340A.801, subd. 1 (emphasis added). The Act is to be strictly construed. *See Whitener v. Dahl,* 625 N.W.2d 827, 833 (Minn.2001); *see also Beck v. Groe,* 245 Minn. 28, 33, 70 N.W.2d 886, 891 (1955).

■ The court of appeals concluded that Haugland did not, either as trustee for Donovan Sr.'s next of kin or as conservator for Donovan Jr., have a right of action in her own name for personal injury or pecuniary loss. The court of appeals is correct in that conclusion. To bring an action against a liquor establishment under the Act a party must be a "spouse, child, parent, guardian, employer, or other person *injured* * * * by an intoxicated person or by the intoxication of another person." Minn.Stat. § 340A.801, subd. 1 (emphasis added). Because Haugland does not claim that she was injured in person or that she fits within the class of people identified under the Act who have a right of action, she has no right to bring a claim in her own name. Therefore, the complaint as originally captioned does not identify a proper party plaintiff under the Act.

This conclusion, however, does not end the inquiry. If the original complaint set out a legally sufficient civil damages action on behalf of Donovan Jr. before the statute of limitations expired, thus allowing the proposed amended complaint to relate back, and if Haugland, as conservator, has the capacity to bring the action on Donovan Jr.'s behalf, dismissal of the complaint was improper.

As we understand Haugland's argument, she does not seek to bring a claim in her own name as a person injured under the Act, but rather in Donovan Jr.'s name in her capacity as conservator. Haugland contends that the original complaint, even if improperly captioned, set out a legally sufficient civil damages action on behalf of Donovan Jr. who, as Donovan Sr.'s child, comes within the class of people identified in the Act and who suffered a permanent and substantial personal and pecuniary loss as a result of Mapleview and Julio's allegedly illegal sale of intoxicating liquor to Donovan Sr. Noting that Donovan Jr. did not have the capacity to bring the action on his own behalf, Haugland argues that she should be permitted to amend the improperly captioned complaint to name Donovan Jr. as the real party in interest because the defect is technical, not substantive.

Mapleview and Julio's argue that Haugland, as conservator, cannot bring an action under the Act in her own name on Donovan Jr.'s behalf because conservators do not come within the class of people who can bring a claim under the Act. Therefore, they argue that the original complaint was a legal nullity and cannot be amended to set out a proper civil damages action because the statute of limitations on Donovan Jr.'s action has expired. In support of

their arguments, Maplewood and Julio's rely on *Whitener v. Dahl*, 625 N.W.2d 827 (Minn.2001), *Ortiz v. Gavenda*, 590 N.W.2d 119 (Minn.1999), and *Regie de l'assurance Auto. du Quebec v. Jensen*, 399 N.W.2d 85 (Minn.1987).

■ Minnesota is a notice pleading state. *See Barton v. Moore*, 558 N.W.2d 746, 749 (Minn.1997). "The primary function of notice pleading is to give the adverse party fair notice of the theory on which the claim for relief is based." *Id.* Further, Minn. R. Civ. P. 15.03 provides that "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." *See also Grothe v. Shaffer*, 305 Minn. 17, 21–23, 232 N.W.2d 227, 231–32 (1975) (applying Minn. R. Civ. P. 15.03 to permit an amendment of the complaint to add a plaintiff after the statute of limitations had expired because the defendants had notice of the new plaintiff's claim, were not unfairly prejudiced, and there was an identity of interest between the original and new pleading). Thus, if the original complaint put Mapleview and Julio's on notice of a civil damages action by Donovan Jr., if amendment of the original complaint would not be unfairly prejudicial, and if the claim in the proposed amended complaint arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint, then its amendment is permissible.

■ Our review of the original complaint satisfies us that it set out a valid claim under the Act on behalf of Donovan Jr. and gave Mapleview and Julio's ample notice of that claim. Paragraphs V through XII of the original complaint allege all the necessary elements of a claim under the Act. They allege that Mapleview and Julio's unlawfully sold intoxicating liquor to Donovan Sr., those sales caused or contributed to Donovan Sr.'s intoxication, Donovan Sr. operated a motor vehicle while under the influence of the illegally sold intoxicating liquor, Donovan Sr. was involved in a motor-vehicle accident while under the influence of the intoxicating liquor, the motor-vehicle accident resulted in Donovan Sr.'s death, Mapleview and Julio's received the notice required for bringing a claim under the Civil Damages Act, Mapleview and Julio's are liable for damages under the Civil Damages Act, and, finally, Donovan Sr.'s survivor sustained personal and pecuniary loss as a result of Donovan Sr.'s death. The notice referred to in paragraph X of the complaint identifies Donovan Jr. as Donovan Sr.'s only child.

■ Review of Haugland's proposed amended complaint satisfies us that the amended complaint relies on the same factual allegations set forth in the original complaint. The amended complaint also clarifies that the action is brought under the Act, deletes all allegations referring to a wrongful death action, and changes the caption to clarify that the action is brought in Donovan Jr.'s name. Specifically, paragraphs V through XI of the proposed amended complaint are identical to those set forth in the original complaint. Paragraph XII clarifies that Donovan Jr. has been injured in person, property, and means of support. Because the proposed amended complaint relies on the same factual allegations that were alleged in the original complaint, we conclude that the claim set out in the proposed amended complaint "arose out of the conduct, transaction, or occurrence set forth * * * in the original pleading" and, therefore, consistent with Minn. R. Civ. P. 15.03, relates back to the original complaint. Because

we conclude that the original complaint put Mapleview and Julio's on notice of a valid civil damages claim on behalf of Donovan Jr., the amended pleading was not prejudicial to the two defendants, and because the allegations set forth in the proposed amendment to that complaint arose out of the same conduct, transaction, and occurrences set forth in the complaint, we hold that it was error for the district court and court of appeals not to allow its amendment.

This holding is supported by our decision in *Richardson v. Kotek*, 123 Minn. 360, 361–62, 143 N.W. 973, 974 (1913), in which we held that the failure to caption the action in the name of an incompetent person by her guardian was a technical error and that the plaintiff should have been allowed to amend her complaint when it was clear that the action was brought on behalf of the incompetent person. Here, as in *Richardson*, the original complaint set out a valid claim on behalf of a party who was not competent to bring the claim on his own, but with an improper caption. As in *Richardson*, the error was technical. Therefore, consistent with *Richardson*, the original complaint may be amended.

As for Mapleview and Julio's reliance on *Ortiz*, *Regie*, and *Whitener*, review of those decisions leads us to conclude that they are either distinguishable or not helpful in the resolution of this case. *Ortiz* involved a wrongful death lawsuit. 590 N.W.2d at 120. As a condition precedent to bringing such a lawsuit, a trustee must be appointed to bring the action and the action must be commenced by the trustee within the statutory limitations period. Minn.Stat. § 573.02, subds. 1, 3 (2002). In *Ortiz*, the decedent's wife signed a petition to be appointed trustee, but through inadvertence the petition was not filed. 590 N.W.2d at 121. We held that the filing of the action without a trustee having been appointed within the statute of limitations was a legal nullity because the appointment of a trustee to commence a wrongful death action was a condition precedent to bringing such an action. *Id.* at 122–24. In so holding, we relied on *Regie*, 399 N.W.2d 85, where we held that, since appointment of a trustee is a prerequisite to filing a wrongful death claim, a claim filed without such appointment is legally null. *Id.* at 122–23. That is not the case here. Unlike the Wrongful Death Act, Minn.Stat. § 573.01–.02, this Act does not require the appointment of a trustee or other person in order to bring the action. *See* Minn. Stat. § 340A.801. Thus, neither *Ortiz* nor *Regie* precludes the result we reach today.

The third case relied on by respondents, *Whitener*, involved a claim under the Act brought by the guardian ad litem of four minor children whose mother was killed in a motor-vehicle accident as a result of the defendants allegedly selling her intoxicating beverages beyond the legal limit. 625 N.W.2d 827, 828. The plaintiff filed suit after the two-year statute of limitations had expired, but argued that the suit was nonetheless timely because of the minority tolling statute. *Id.* The defendant liquor establishment moved for summary judgment, contending that the suit was barred by the statute of limitations. *Id.* We held that in the absence of clear legislative intent the minority tolling statute could not toll the Act's statute of limitations. *Id.* at 833–34. The case before us is distinguishable in that a legally valid, albeit improperly captioned, civil damages complaint was filed *before* the Act's limitations period expired.

## II.

■ To the extent that Mapleview and Julio's argument is that even if the proposed amended complaint does relate back, Haugland, as conservator, does not have

the capacity generally to bring the claim on Donovan Jr.'s behalf in Donovan Sr.'s name, we find that argument unpersuasive. Minnesota Rule of Civil Procedure 17.02 authorizes a "representative duly appointed under the laws of this state" to sue on behalf of a minor. In the order appointing Haugland conservator of Donovan Jr., she was granted all of the powers and duties given to a guardian of the estate as set out in the relevant statute, including:

> (3) The duty to possess and manage the estate, collect all debts and claims in favor of the ward or conservatee, or, with the approval of the court, compromise them, *institute suit on behalf of the* ward or *conservatee and represent the* ward or *conservatee* in any court proceedings * * *.

Minn.Stat. § 525.56, subd. 4(3) (2002) (emphasis added). Thus, Haugland, as the representative of Donovan Jr. appointed under the state's laws, has the authority to bring a civil damages action in Donovan Jr.'s name on his behalf as a person injured under the Act. Therefore, we reverse the court of appeals and remand to the district court for further proceedings consistent with this opinion.

Reversed and remanded.