STATE of Minnesota, Respondent,

v.

David Arthur CHRISTENSEN, Appellant.

A16-1029
A16-1372

Court of Appeals of Minnesota.

Filed August 7, 2017

Lori Swanson, Attorney General, St. Paul, Minnesota; and Steven Collins, Redwood County Attorney, Jenna M. Peterson, Assistant County Attorney, Redwood Falls, Minnesota (for respondent).

Cathryn Middlebrook, Chief Appellate Public Defender, Suzanne M. Senecal-Hill, Assistant Public Defender, St. Paul, Minnesota (for appellant).

Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and Smith, Tracy M., Judge.

## OPINION

CONNOLLY, Judge

■ Appellant was convicted of two counts of financial exploitation of a vulnerable adult. He challenges his conviction and the denial of his motion for a new trial, arguing that the jury's verdicts were inconsistent. He also challenges the district court's order that he pay restitution to the vulnerable adult's conservator, arguing that conservators are not among the entities identified as victims entitled to restitution by Minn. Stat. § 611A.01(b). Because appellant's challenge to his conviction is based on a misreading of the jury's verdicts, we affirm the conviction. However,

because we agree that the district court, like this court, has no authority to add to those whom the legislature has identified as victims entitled to restitution, we reverse the restitution order and remand for proceedings consistent with this opinion.

## FACTS

During most of 2014, appellant David Christensen had control of the financial affairs of his uncle, A.C., a vulnerable adult. Appellant was charged with financial exploitation of a vulnerable adult under Minn. Stat. § 609.2335, subd. 1(1)(ii) (using a vulnerable adult's resources for the benefit of someone other than the vulnerable adult) and (iii) (depriving a vulnerable adult of the vulnerable adult's resources for the benefit of someone else) (2012). In 2015, the district court appointed Lutheran Social Services (L.S.S.) as A.C.'s conservator.[1]

At the conclusion of appellant's trial, the jurors received eight verdict forms. The forms for charges one through four each asked first if appellant was guilty of violating Minn. Stat. § 609.2335, subd. 1(1)(ii), then, if he was guilty, in what amount: $5,000 to $35,000 (charge one); $1,000 to $5,000 (charge two); $500 to $1,000 (charge three); and "not more than $500" (charge four). Charges five through eight asked if appellant was guilty of violating Minn. Stat. § 609.2335, subd. 1(1)(iii) and, if so, in which of those amounts.

The jury found appellant guilty of charges one through four in the amount of $1,000 to $5,000 (charge two) and not guilty of charges five through eight. Appellant moved for a new trial, arguing, among other things, that the jury's verdicts were

---

1. The order appointing L.S.S. noted that A.C.'s neuropsychological exam showed he was "essentially illiterate" with his "reading capacity ... in the lower half of the mildly mentally retarded range at the 1.6 grade level" and said his "reasoning needs to be guided in small logical steps when novel concepts are being presented" to him.

legally inconsistent. His motion for a new trial was denied. Appellant's sentence was stayed, and he was placed on probation for up to five years. He filed a notice of appeal from the judgment (A16-1029).

L.S.S., in its capacity as A.C.'s conservator, filed a request for restitution for him. L.S.S. stated that the funds it sought to recover "were used by [appellant] for his own benefit. These funds belonged to [A.C.]—a vulnerable adult." Attached to the request was a list of expenses totaling $10,229.14 paid by appellant to various entities, including $4,895.56 to a car dealership.

At the hearing, appellant argued that L.S.S. was not a "victim" as defined by the restitution statute. After the hearing, A.C.'s guardian notified the district court that A.C. "does not seek to collect monetary restitution from [appellant]." The district court concluded that L.S.S. was allowed to make a restitution claim on A.C.'s behalf and issued a restitution order requiring appellant to pay $4,895.56.[2] Appellant challenged the restitution order in a second appeal (A16-1372), and this court consolidated the appeals.

### ISSUES

1. Were the jury's verdicts inconsistent?
2. Is L.S.S. a "victim" within the meaning of Minn. Stat. § 611A.01(b)?

### ANALYSIS

**1. Jury's verdicts**

Whether two jury verdicts are legally inconsistent is a question of law, subject to de novo review. *State v. Leake*, 699 N.W.2d 312, 325 (Minn. 2005). A defendant is entitled to a new trial only if the verdict is legally inconsistent, as opposed to merely logically inconsistent. *Id.* at 325-26. An acquittal on one count and a finding of guilty on another count can be logically inconsistent, but cannot be legally inconsistent. *State v. Laine*, 715 N.W.2d 425, 434-35 (Minn. 2006). Legal inconsistency occurs only "when proof of the elements of one offense negates a necessary element of another offense." *State v. Cole*, 542 N.W.2d 43, 50 (Minn. 1996). A legally inconsistent verdict requires that two guilty verdicts be mutually exclusive. *See, e.g., State v. Moore*, 458 N.W.2d 90, 94 (Minn. 1990) ("We are unable to reconcile the jury's findings that [the] defendant caused the death of his wife with premeditation and intent and at the same time caused that death through negligence or reckless conduct.").

Here, appellant was found guilty of only one charge: violating Minn. Stat. § 609.2335, subd. 1(1)(ii) in an amount more than $1,000 but less than $5,000. There can be no legal inconsistency in the verdict when a defendant is found guilty of only one charge. *See Moore*, 458 N.W.2d at 94. Finding appellant guilty of misuse of a vulnerable adult's resources in an amount more than $1,000 but less than $5,000 necessarily precluded finding that he was guilty of misuse of a vulnerable adult's resources in any amount over $5,000 (e.g., $5,001 to $35,000, as in charge one) or less than $1,000 (e.g., $500 to $1,000 as in charge three and $1 to $500, as in charge four). The jury's findings that appellant was not guilty of misuse in either of those amounts was not legally inconsistent.

Appellant argues that the jury's verdict on charge four was inconsistent with its

---

2. The district court noted that appellant had testified that this amount was paid from A.C.'s bank account for repairs to appellant's truck, which he had since sold for $4,000, and that

"[t]he Court does not find it prudent to go beyond the specific monetary parameter found by the jury in the underlying criminal case."

verdict on charge two, i.e., that appellant took more than $1,000 but less than $5,000. But appellant misquotes charge four, saying the verdict form asked the jury "Was the value of the money stolen more than $500.00?" Actually, the verdict form asked the jury, "Was the value of the money stolen *not* more than $500.00?" (emphasis added). The jury answered "No" when asked, "Was the value of the money stolen not more than $500?" consistent with its "Yes" answer when asked, "Was the value of the moneys stolen more than $1,000.00, but not more than $5,000.00?" Thus, there was no logical inconsistency, let alone legal inconsistency, in the jury's verdict that appellant was guilty of one charge.

## 2. Is a conservator a "victim" within the meaning of Minn. Stat. § 611A.01(b)?

"Interpretation of a statute presents a question of law, which we review de novo." *Swenson v. Nickaboine*, 793 N.W.2d 738, 741 (Minn. 2011).

"Upon conviction of a felony, ... the court ... may sentence the defendant ... (5) to payment of court-ordered restitution in addition to either imprisonment or payment of a fine, or both...." Minn. Stat. § 609.10, subd. 1(a) (2016). The restitution available in sentences for felonies includes: "(1) payment of compensation to the victim or the victim's family...." Minn. Stat. § 609.10, subd. 2(a) (2016). "A victim of a crime has the right to receive restitution as part of the disposition of a criminal charge ... against the offender if the offender is convicted...." Minn. Stat. § 611A.04, subd. 1 (2016).

"Victim" means a natural person who incurs loss or harm as a result of a crime, including a good faith effort to prevent a crime, and for purposes of

sections 611A.04 and 611A.045, also includes (1) a corporation that incurs loss or harm as a result of a crime, (2) a government entity that incurs loss or harm as a result of a crime, and (3) any other entity authorized to receive restitution under section 609.10 or 609.125. The term "victim" includes the family members, guardian, or custodian of a minor, incompetent, incapacitated, or deceased person.

Minn. Stat. §. 611A.01(b). The issue here is a victim's right to restitution, and this definition of the term "victim" is specific to the statute conferring that right.

 A.C. was indisputably the victim of appellant's crime. A.C. was also an incompetent person, so his family member, guardian, or custodian, *but not his conservator*, could also seek restitution as a victim under Minn. Stat. § 611A.01(b).[3] In statutory construction, "[t]he doctrine expressio unius est exclusio alterius means that the expression of one thing is the exclusion of another. *Expressio unius* generally reflects an inference that any omissions in a statute are intentional." *State v. Caldwell*, 803 N.W.2d 373, 383 (Minn. 2011) (citations omitted); *see, e.g., Staab v. Diocese of St. Cloud*, 853 N.W.2d 713, 719 (Minn. 2014) ("The Legislature's expression of a general rule of several liability subject to four exceptions in subdivision 1 [of Minn. Stat. § 604.02 (2012) ] precludes an interpretation of subdivision 2 that would effectively create a fifth exception to the several liability rule."); *City of Moorhead v. Red River Valley Coop. Power Ass'n*, 811 N.W.2d 151, 159 (Minn.App. 2012) (holding that, in the statute listing damages in eminent domain proceedings, "the words 'must include' limit the factfinder to consideration of only the four

---

**3.** A.C.'s guardian, who would have been entitled to seek restitution under the statute, explicitly declined to seek restitution from appellant on A.C.'s behalf.

specifically enumerated factors") *aff'd*, 830 N.W.2d 32 (Minn. 2013).

Moreover, an appellate court "cannot supply that which the legislature purposely omits or inadvertently overlooks." *Toyota-Lift of Minn., Inc. v. Am. Warehouse Sys., LLC*, 886 N.W.2d 208, 214 (Minn. 2016); *see also State v. Alexander*, 855 N.W.2d 340, 347 (Minn.App. 2014) (holding that a statute directing district courts to determine the amount of restitution based on victim's loss and defendant's ability to pay did not authorize district courts to order a defendant to sell personal property to pay restitution). For example, "[i]t may well be that a district court should have the authority to order a defendant to sell personal property to satisfy a restitution order, but it is up to the legislature, and not [an appellate court], to change the law." *Alexander*, 855 N.W.2d at 349.

The restitution statute formerly defined "victim" as "a natural person who incurs loss or harm as a result of a crime ... If the victim is a natural person and is deceased, 'victim' means the deceased's surviving spouse or next of kin." Minn. Stat. § 611A.01(b) (2002), *quoted in State v. Jones*, 678 N.W.2d 1, 23 (Minn. 2004) (concerning whether the sister of a murder victim was entitled to restitution). *Jones* interpreted the phrase "surviving spouse or next of kin," holding that the two terms were mutually exclusive so that "in a murder case the [person or persons] eligible to receive restitution include either the murder victim's surviving spouse or [the] nearest living blood relation [of the murder victim]." *Jones*, 678 N.W.2d at 25-26. The murder victim's surviving children were her next of kin, so the district court's

denial of restitution to the murder victim's sister was affirmed. *Id.* at 26.

In 2005, the year after *Jones* was released, the legislature redefined "victim" to include "the family members, guardian or custodian of a minor, incompetent, incapacitated, or deceased person," replacing the phrase "the deceased's surviving spouse or next of kin." 2005 Minn. Laws ch. 136, art. 8, § 22 at 1016-17. The legislature could have said "family members, guardian, custodian, or conservator" or "family members or others, including but not limited to guardians or custodians," but it did not say either. Absent such language, this court may not add "conservator" to the list of those included as victims. *See Toyota-Lift of Minn.*, 886 N.W.2d at 214. Moreover, both guardians and conservators act on behalf of individuals but the legislature included only guardians in the statute.

We note that the issue here is not the logical, social, or other merit of including "conservator" on the list of those entitled to seek restitution; it is this court's authority, or lack of authority, to "supply that which the legislature purposely omits or inadvertently overlooks." *See id.* Whether conservators should or should not be included among those entitled to seek restitution is outside this court's scope of review.

It is true that L.S.S., as A.C.'s conservator, has a statutory duty to "institute suit on [his] behalf ... and represent [him] in any court proceedings" and a statutory power to "apply on [his] behalf ... for any assistance, services, or benefits available to [him] through any unit of government." Minn. Stat. § 524.5-417(c)(3), (6) (2016).[4]

---

4. The question here involves seeking restitution for a conservatee under Minn. Stat. § 611A.04, subd. 1; it is not bringing an action on behalf of a conservatee. Appellant notes in his brief that "L.S.S. is not without the means to recover money it believes [A.C.] lost as a result of being financially exploited by [a]ppellant because L.S.S. [as A.C.'s con-

But those having a right to restitution from an offender after a conviction of a crime are the "victims" of that crime as the word "victim" is defined in the restitution statute, and that definition does not include conservators. *See* Minn. Stat. § 611A.01(b). Assuming that these provisions are in conflict, the more specific prevails. *See* Minn. Stat. § 645.26, subd. 1 (2016) ("[T]he special provision shall prevail and shall be construed as an exception to the general provision.").

The statute defining "victim" in the context of restitution is far more specific to the restitution award at issue here than is the statute setting out the duties and powers of conservators, which applies to conservators generally regardless of whether the protected person is seeking or is entitled to restitution. *See Anderson v. State*, 794 N.W.2d 137, 140 (Minn.App. 2011) (holding that, in the context of restitution awards, only a statute prescribing the amount of restitution for victims of a particular crime is more specific than the restitution statute). Thus, the definition of "victim" in the restitution statute prevails.

While it may be that conservators should be added to the list of victims entitled to restitution, it is up to the legislature and not this court to make that change. *See Alexander*, 855 N.W.2d at 349; *Tereault v. Palmer*, 413 N.W.2d 283, 286 (Minn.App. 1987) ("[T]he task of extending existing law falls to the supreme court or the legislature, but it does not fall to this court."), *review denied* (Minn. Dec. 18, 1987).

## DECISION

Because the jury's verdicts were not inconsistent, we affirm the denial of appellant's motion for a new trial. Because the legislature did not include conservators among those who may be victims entitled to restitution, we reverse the restitution award to L.S.S. and remand for further proceedings.

**Affirmed in part, reversed in part, and remanded.**

SMITH, TRACY M., Judge (concurring in part, dissenting in part)

I respectfully dissent from that part of the majority opinion reversing the restitution award. The plain language of the statutes leads me to conclude that a conservator need not be a "victim" to recover restitution on behalf of the protected person, and that the inclusion of family members, guardians, and custodians in the definition of "victim" does not remove a conservator's independent statutory authority to seek restitution on the protected person's behalf. The restitution statute and the conservator statute are properly read harmoniously to permit a conservator to seek restitution on behalf of a crime victim.

L.S.S. requested, and the district court ordered, restitution of $4,895.56 that appellant took from A.C.'s bank account to pay for repairs to appellant's truck. L.S.S. did not request, and the district court did not order, restitution for any expenses in-

servator] can initiate a civil suit to recover those losses." We agree: if L.S.S. had brought an action on its conservatee's behalf, rather than filed for restitution on the conservatee's behalf, the result would be different. *See Haugland ex rel. Donovan v. Mapleview Lounge & Bottleshop, Inc., et al.*, 666 N.W.2d 689, 693 (Minn. 2003) (holding that a conservator who brought a civil-damages action in her own name under the Minnesota Civil Damages Act did not, "as conservator for [the deceased's only child], have a right of action in her own name for personal injury or pecuniary loss," but was entitled to amend the complaint to bring the action under the child's name, and rejecting the argument that the conservator "[did] not have the capacity to bring the claim on [the child's] behalf").

curred by L.S.S. in connection with this matter.

Without question, A.C. is a crime victim entitled to seek restitution under the restitution statute. A.C. meets the definition of "victim" because he is "a natural person who incur[red] loss or harm as a result of a crime," *see* Minn. Stat. § 611A.01(b) (2016), and, as a victim, he has the right to receive restitution as part of the disposition of a criminal charge, *see* Minn. Stat. § 611A.04, subd. 1 (2016).

A.C., a vulnerable adult, is also a protected person under the conservator statute. *See* Minn. Stat. § 524.5-401 (2016). And L.S.S., as the conservator, is authorized under the conservator statute to act on behalf of A.C. to preserve his estate. In the order establishing conservatorship, L.S.S. was given the power and duty to collect all debts and claims in favor of A.C., to represent A.C. in court proceedings, and to apply on behalf of A.C. for any assistance, services, or benefits available through any unit of government. Each of these powers and duties is authorized by the conservator statute. Minn. Stat. § 524.5-417(c)(3), (6) (2016). And each of these powers and duties applies easily to seeking restitution on behalf of the protected person: A.C. has a claim for the money that appellant misused, the restitution process is a court proceeding, and the district court is a governmental unit through which a conservator may apply for the benefit of restitution. *See id.*

The majority opinion, however, concludes that the restitution statute forecloses the conservator's authority to seek restitution because the restitution statute is more specific than the conservator statute. But the question of which statutory provision is the more specific arises only when two statutory provisions irreconcilably conflict. "[W]hen two provisions of law are in irreconcilable conflict with one another, the special provision shall prevail and shall be construed as an exception to the general provision." *State v. Barrientos*, 837 N.W.2d 294, 302 (Minn. 2013) (quotation omitted). "But, whenever possible, potentially conflicting general and special provisions 'shall be construed ... so that effect may be given to both.'" *Id.* (quoting Minn. Stat. § 645.26, subd. 1 (2016)). In my view, the restitution statute and the conservator statute do not conflict, much less irreconcilably.

Nothing in the conservator statute or the restitution statute suggests that the protected person under the conservator statute cannot be a victim under the restitution statute, and nothing in either statute prohibits conservators from seeking restitution on behalf of such a protected person. Under section 611A.04, the victim has a right to restitution for a loss as a result of crime; at the same time, under section 524.5-417, the victim's conservator has the power to act on behalf of the protected person in a court proceeding to seek money lost and owing. There is no inherent conflict; the statutes are reconcilable.

The definition of victim in the restitution statute does not undermine this conclusion. That definition includes not just the natural person who incurred the loss but also the family members, guardian, or custodian of a minor, incompetent, incapacitated, or deceased person. Minn. Stat. § 611A.01(b). Because these latter persons are also defined as "victims," they are authorized to seek restitution directly under section 611A.04, subdivision 1. But this more expansive definition of "victim" does not conflict with the independent statutory authority of a conservator to seek restitution on the crime victim's behalf. *See* Minn. Stat. § 524.5-417(c)(3), (6). Because the conservator acts *on behalf of* the protected person to exercise that person's right to

restitution, there is no need for the conservator to also *be* a victim under the restitution statute. This interpretation thus does not offend the principle forbidding courts from "adding words or meaning to a statute that are purposely omitted or inadvertently overlooked," *Premier Bank v. Becker Dev., L.L.C.*, 785 N.W.2d 753, 760 (Minn. 2010) (citation omitted), or the canon of statutory construction that the expression of one thing is the exclusion of another, *State v. Caldwell*, 803 N.W.2d 373, 383 (Minn. 2011).

Reconciling the statutes in this way comports with the Minnesota Supreme Court's approach in *Haugland ex rel. Donovan v. Mapleview Lounge & Bottleshop, Inc.*, 666 N.W.2d 689, 695-96 (Minn. 2003). In that case, the defendants argued that because conservators did not come within the class of persons entitled to sue in their own names under the Minnesota Civil Damages Act, the conservator and wrongful-death trustee of a child could not bring an action on behalf of a child who was entitled to sue under the act. *Haugland*, 666 N.W.2d at 693. The supreme court rejected that argument and concluded that, because under a different statute the legislature granted the conservator the power to institute suit on behalf of the conservatee, the conservator had the authority to sue on behalf of the child in the child's name under the Minnesota Civil Damages Act. *Id.* at 695-96. Like the restitution statute, the act at issue in *Haugland* contained a list stating that a "spouse, child, parent, guardian, employer, or other person injured" could sue in the person's own name for damages sustained under the act. *Id.* at 693. But unlike the majority in this case, the supreme court in *Haugland* did not engage in a statutory-interpretation analysis of whether the list granting certain injured persons a right to sue on their own behalf under the Minnesota Civil Damages Act might conflict with

a conservator's independent authority to bring a suit on behalf of a person injured under that act. *Id.* at 695-96. Because the suit would be brought in the child's name, on behalf of the child, it was of no consequence that the conservator herself did not qualify as an injured person under the act. *Id.* So, too, should the conservator in this case be permitted to seek restitution on behalf of the victim-conservatee, without having to qualify as a victim in its own right.

This interpretation does not render meaningless the provision incorporating family members, guardians, and custodians into the definition of "victim." A victim as defined by section 611A.01(b) receives additional rights beyond the right to receive restitution, including the right to be notified if expungement is sought, to receive notice if the offender is released or escapes from incarceration, to be informed of conditions of the offender's release and the identity of the corrections agent supervising the release, and, for victims of certain offenses, to be informed of the location of an offender on supervised release. Minn. Stat. § 611A.06 (2016). There are reasons why the legislature would extend these rights to family members, guardians, and custodians but not to conservators.

A "guardian" is a person who is appointed "to provide for the needs of" an incapacitated person, and who has a duty to provide for the person's "care, comfort, and maintenance needs, including food, clothing, shelter, health care, [and] social and recreational requirements." *See* Minn. Stat. §§ 524.5-313(c), -102, subd. 5 (2016). A "custodian" of a person generally means a person who has physical custody of a child. *See* Minn. Stat. § 518.003, subd. 3(e) (2016). In contrast, a "conservator" is "a person who is appointed by a court to manage the estate of a protected person." Minn. Stat. § 524.5-102, subd. 3 (2016).

While family members, custodians, and guardians have a role in caring for the person, a conservator's only role is in managing that person's estate.

It is logical, then, that the legislature would extend rights to the family members, guardian, or custodian of a minor, incompetent, or incapacitated victim that are not extended to the victim's court-appointed conservator, who has no similar role in protecting the personal safety and well-being of the protected person. By incorporating family members, guardians, and custodians into the definition of "victim," while not excluding others from exercising their power to make financial claims on behalf of a person who happens to fall within the definition of "victim," the statute affords those who personally care for the minor, incompetent, or incapacitated victim certain rights relevant to their particular duties, while still allowing a conservator, under an independent statute, to exercise its particular duty to collect payments owed to the victim's estate.

In sum, the statutes do not conflict and the conservator is authorized to seek restitution on behalf of the crime victim. I would affirm.[5]

---

5. I also agree with the district court's conclusion that A.C.'s guardian (who is A.C.'s niece and appellant's cousin) lacks authority to veto the conservator's restitution request submitted to the district court on behalf of A.C. While the restitution statute authorizes a guardian to seek restitution as a victim, it does not authorize a guardian who chooses not to do so to stop a duly appointed conservator from seeking restitution on a crime victim's behalf. See Minn. Stat. § 611A.01, .04. Moreover, the guardian statute authorizes a guardian to apply for benefits through a governmental unit "if there is no acting conservator of the estate of the ward," suggesting that, when there are both, the conservator, not the guardian, has authority in that realm. See Minn. Stat. § 524.5-313(c)(7). In addition, both guardians and conservators are subject to the control and direction of the court in all things and at all times. Minn. Stat. §§ 524.5-313(a), -417(a) (2016).